1  Jeremy V. Richards (CA Bar No. 102300)
   Linda F. Cantor (CA Car No. 154796)
2  Erin Gray (CA Bar No. 157658)
   Pachulski Stang Ziehl & Jones LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, California  90067-4100
4  Telephone: 310/277-6910
   Facsimile:  310/201-0760
5  E-mail:   jrichards@pszjlaw.com

6  Attorneys for Appellee David Gottlieb,
   Chapter 11 Trustee

7                  **UNITED STATES DISTRICT COURT**

8                 **CENTRAL DISTRICT OF CALIFORNIA**

9                **WESTERN DIVISION, LOS ANGELES**

10

11 | In re:                          | District Court Case No.: 2:11-CV-09216-AHM |

12 | GEORGES MARCIANO,               |

13 |                        Debtor.  | Bankruptcy Court Case No.: 1:11-BK-10426-VK |

14 | GEORGES MARCIANO,               | Chapter 11 |

15 |                     Appellant,  | **BRIEF OF APPELLEE DAVID K. GOTTLIEB, CHAPTER 11 TRUSTEE** |

16 | vs.                             |

17 | DAVID K. GOTTLIEB, Chapter 11   |
18 | Trustee,                        |

19 |                     Appellee.   |

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:250545.6 32270-001

1
2

# TABLE OF CONTENTS

I.      STATEMENT OF THE BASIS OF APPELLATE JURISDICTION ........... 1

II.     STATEMENT OF THE ISSUES PRESENTED ON APPEAL ................... 1

III.    STATEMENT OF THE STANDARDS OF REVIEW ................................ 2

IV.     STATEMENT OF THE CASE ............................................................... 2

V.      STATEMENT OF THE FACTS .............................................................. 3

        A.      Background .............................................................................. 3

                1.      The Judgments against Marciano in the State Court
                        Lawsuits. ....................................................................... 3

                2.      The Bankruptcy Case. .................................................... 5

        B.      The Proceedings Below ........................................................... 6

                1.      The TRO ......................................................................... 6

                2.      The Preliminary Injunction ........................................... 7

                3.      The Permanent Injunction ............................................. 8

VI.     ARGUMENT ......................................................................................... 10

        A.      The Bankruptcy Court correctly decided that the appellate rights
                are property of Marciano's bankruptcy estate. ........................ 10

                1.      Under *In re Mozer*, 302 B.R. 892 (C.D. Cal. 2003) and
                        California Civil Code section 655, the right to appeal from
                        an adverse state court judgment is property of the estate
                        even if the debtor raises constitutional challenges. ................. 10

                2.      Even if the Appellate Rights are themselves constitutional
                        rights, they are still property of the estate where, as here,
                        their resolution impacts only the bankruptcy estate. .............. 14

                3.      Marciano fails to cite one case that stands for the proposition
                        that Appellate Rights or constitutional rights are not
                        property of the estate. ...................................................... 15

        B.      The Bankruptcy Court correctly determined that the Trustee has
                exclusive control over the Appellate Rights. ...................... 16

                1.      The Trustee is the exclusive representative of the bankruptcy
                        estate. ......................................................................... 16

                2.      The fact that the State Court Appeals might involve
                        constitutional issues does not divest the Trustee of his
                        authority as sole estate representative ...................... 18

                3.      The fact that the Judgments are on appeal does not divest the
                        Trustee of his control over the Appellate Rights ............... 19

                4.      The possibility that the Judgments may be reduced or
                        overturned on appeal does not divest the Trustee of his
                        control over the Appellate Rights. ............................. 20

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5.   Given Marciano's history of delay, diversion and deception, the Bankruptcy Court properly declined to authorize him to jointly prosecute the State Court Appeals. ..............................22

C.   The Bankruptcy Court properly enjoined Marciano from interfering with the Appellate Rights. .................................................23

D.   The Bankruptcy Court properly decided that it had jurisdiction to determine whether the Appellate Rights are property of the estate over which the Trustee has exclusive control. .....................................24

E.   The Bankruptcy Court properly declined to abstain. ........................25

1.   The Rooker-Feldman Doctrine is not applicable. ...................25

2.   The Younger Doctrine is not applicable. ................................26

F.   The Bankruptcy Court's determination that the Appellate Rights are property of the estate over which the Trustee has sole authority did not violate Marciano's civil or constitutional rights. ..................27

VII.   CONCLUSION ...........................................................................................28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# TABLE OF AUTHORITIES

**Page**

## CASES

*Aniel v. EMC Mortgage,*
   2011 WL 835879 (N.D. Cal. 2011)..................................................20

*Barrows v. Jackson,*
   346 U.S. 249, 73 S.Ct. 1031, 97 L. Ed. 1586 (1953) ...............18

*Bickford v. Ponce De Leon Care Center,*
   918 F. Supp. 377 (M.D. Fla. 1996) .........................................15

*Big Eagle v. Andera,*
   508 F.2d 1293 (8th Cir. 1975).................................................19

*Butner v. United States,*
   440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ................10

*Central States Southeast v. Merk-Medco Managed Care, LLC,*
   433 F.3d 181 (2d Cir. 2005).....................................................19

*Cine SK8, Inc. v. Town of Henrietta,*
   507 F.3d 778 (2d Cir. 2007)..............................................22, 23

*Cobb v. University of Southern California,*
   38 Cal. Rptr. 2d 543 (Cal. Ct. App. 1995) .............................10

*Donato v. Metropolitan Life Ins.,*
   230 B.R. 418 (N.D. Cal. 1999)................................................22

*Evans v. Chater,*
   110 F.3d 1480 (9th Cir. 1997)....................................................2

*Firestone v. Galbreath,*
   967 F.2d 279 (6th Cir. 1992) ...................................................18

*Flast v. Cohen,*
   392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed 2d 947 (1968) ..............18

*Hong Kong Supermarket v. Kizer,*
   830 F.2d 1078 (9th Cir. 1987)..................................................18

*In re 1031 Tax Group, LLC,*
   420 B.R. 178 (Bankr. S.D. N.Y. 2009) ...................................19

*In re American Hardwoods, Inc.,*
   885 F.2d 621 (9th Cir. 1989)....................................................23

*In re Andreuccetti,*
   975 F.3d 413 (7th Cir. 1992) ...................................................21

*In re Carson,*
   82 B.R. 847 (Bankr. S.D. Ohio 1987) .....................................15

*In re Cinematronics, Inc.,*
   916 F.2d 1444 (9th Cir. 1990) .................................................19

*In re Eisen,*
   31 F.3d 1447 (9th Cir. 1994) ...................................................16

*In re Emmerich,*
   19 B.R. 666 (9th Cir. BAP 1982) ............................................19

*In re Engelbrecht,*
   368 B.R. 898 (Bankr. M.D.Fla. 2007).....................................16

*In re Flanagan,*
   503 F.3d 171 (2d Cir. 2007) ....................................................17

*In re Kekauoha-Alisa,*
   407 B.R. 442, *6-*7 (B.A.P. 9th Cir. 2009)............................25

*In re Lewis,*
   79 B.R. 893 (B.A.P. 9th Cir. 1987) ...........................................2

*In re Lopez,*
   283 B.R. 22 (B.A.P. 9th Cir. 2000)..........................................21

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*In re Marciano*,
  446 B.R. 407 (Bankr. C.D. Cal. 2010) .................................................................. 4, 5

*In re McCarthy*,
  2008 WL 8448338, *16 (B.A.P. 9th Cir. Feb. 19, 2008) ...................................... 11

*In re McCoy*,
  111 B.R. 276 (B.A.P. 9th Cir. 1990) ........................................................................ 2

*In re Meyerland Co.*,
  82 B.R. 831 (Bankr. S.D. Tex. 1988) ..................................................................... 13

*In re Mozer*,
  302 B.R. 892 (C.D. Cal. 2003) ........................................................................ passim

*In re Pacific Land Sales, Inc.*,
  187 B.R. 302 (9th Cir. BAP 1995) .......................................................................... 19

*In re Price*,
  871 F.2d 97 (9th Cir. 1989) ....................................................................................... 2

*In Re Reitnauer*,
  152 F.3d 341 (5th Cir. 1998) ................................................................................... 26

*In re Ring*,
  138 Fed. Appx. 834 (7th Cir. 2005) ....................................................................... 26

*In re Roman Catholic Archbishop of Portland in Oregon*,
  335 B.R. 842 (Bankr. D. Or. 2005) ......................................................................... 25

*In re Skipworth*,
  9 B.R. 730 (Bankr. S.D. Cal. 1981) ....................................................................... 19

*In re Wilson*,
  4 B.R. 605 (Bankr. E.D. Wash. 1980) .................................................................... 19

*Insurance Corp of Ireland, LTD v. Compagnie des Bauxites de Guinee*,
  456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed. 2d 492 (1982) ......................................... 19

*Kaye v. City of Los Angeles*,
  857 F.2d 1478 (9th Cir. 1988) ................................................................................. 15

*Koch Refining v. Farmers Union Central Exchange Inc.*,
  831 F.2d 1339 (7th Cir. 1987) ................................................................................. 19

*Kulo v. Superior Court*,
  436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed. 132 (1978) ................................................. 18

*Lance v. Dennis*,
  546 U.S. 459, 126 S.Ct. 1198, 163 L.Ed.2d 1059  (2006) ..................................... 25

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed. 2d 351 (1992) ....................................... 18

*Marciano v. White*,
  Case No. 2:09-cv-03437-MMM-AJW ...................................................................... 5

*Martin v. Monumental Life Ins. Co.*,
  240 F.3d 223 (3rd Cir. 2001) ................................................................................... 11

*McGowan v. Maryland*,
  366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed. 2d 393 (1961) ............................................ 18

*Moses v. Howard University Hosp.*,
  606 F.3d 789 (D.C. Cir. 2010) ................................................................................ 17

*Nat'l Org. for Women v. Scheidler*,
  510 U.S. 249, 114 S.Ct. 1798, 127 L.Ed. 99 (1994) ............................................. 19

*O'Malley v. Brierley*,
  477 F.2d 785 (3d Cir. 1973) .................................................................................... 19

*Parker v. Wendy's International, Inc.*,
  365 F.3d 1268 (11th Cir. 2004) ............................................................................... 17

*Quiroga v. Chen*,
  735 F.Supp. 2d 1226 (D. Nev. 2010) ..................................................................... 23

*Scarboro v. ITT Industrial Credit Company*,
  13 B.R. 439 (D. M.D. Ga. 1981) ............................................................................. 19

*Singleton v. Wulff*,
  428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed. 2d 826 (1976) .......................................... 18

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*South Edge LLC v. JP Morgan Chase Bank, N.A.*,
  2011 WL 1626567, *6 (D. Nev. Apr. 28, 2011) ......................................... 11
*Spiritos v. One San Bernardino Sup. Ct.*,
  443 F.3d 1172 (9th Cir. 2006) ...................................................................22, 28
*Taylor Corp. v. Four Seasons Greetings, LLC*,
  403 F.3d 958 (8th Cir. 2005) ............................................................................ 2
*Turner v. Cook*,
  362 F.3d 1219 (9th Cir. 2004) ...................................................................... 1, 16
*United States v. Herrera*,
  584 F.2d 1137 (2d Cir. 1978) ......................................................................... 19
*Weissman v. Weener*,
  12 F.3d 84 (7th Cir. 1993) .............................................................................. 19
*Younger v. Harris*,
  401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) ...................................... 26

**STATUTES**

11 U.S.C. § 105 ................................................................................................ 23
11 U.S.C. § 105(a) ........................................................................................ 3, 7
11 U.S.C. § 323 ......................................................................................... 16, 27
11 U.S.C. § 323(a) .......................................................................................... 16
11 U.S.C. § 324(a) .......................................................................................... 28
11 U.S.C. § 541 ................................................................................... 1, 11, 13
11 U.S.C. § 541(a) ............................................................................. 1, 10, 12
11 U.S.C. § 541(a)(1) ..................................................................................... 10
11 U.S.C. § 554 ............................................................................................... 18
11 U.S.C. § 704(1) .......................................................................................... 27
42 U.S.C. § 1983 ............................................................................................. 27
Cal. Civ. Code § 655 ................................................................................. 10, 11
Cal. Code Civ. Pro. § 367 .............................................................................. 17

**OTHER AUTHORITIES**

5 Collier on Bankruptcy
  ¶ 541.02, at 541-12 ...................................................................................... 13

**RULES**

Fed. R. Bankr. P. 2012 .................................................................................... 17
Fed. R. Bankr. P. 6009 .................................................................................... 17
Fed. R. Bankr. P. 7065 ...................................................................................... 3
Fed. R. Bankr. P. 7065(b)(1) ............................................................................ 7
Fed. R. Bankr. P. 8013 ...................................................................................... 2
Fed. R. Bankr. P. 9019 .................................................................................... 28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## I.   STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

The Opening Brief of appellant Georges Marciano ("Marciano") sets forth the basis for appellate jurisdiction.

## II.   STATEMENT OF THE ISSUES PRESENTED ON APPEAL

1.     Did the Bankruptcy Court correctly determine, pursuant to *In re Mozer*, 302 B.R. 892 (C.D. Cal. 2003), that the appellate rights arising from the appeals of adverse state court judgments against Marciano are property of Marciano's chapter 11 bankruptcy estate under Bankruptcy Code section 541(a)?

2.     Did the Bankruptcy Court correctly determine, pursuant to *Turner v. Cook,* 362 F.3d 1219 (9th Cir. 2004), *cert. denied*, 543 U.S. 987, 125 S.Ct. 498, 160 L.Ed. 2d 371 (2004) and *In re Mozer*, 302 B.R. 892 (C.D. Cal. 2003), that David Gottlieb, the court-appointed trustee in Marciano's chapter 11 bankruptcy case (the "Trustee") has exclusive control over the appellate rights arising from adverse state court judgments against Marciano?

3.     After finding that the appellate rights arising from adverse state court judgments against Marciano are property of Marciano's bankruptcy estate over which the Trustee has exclusive control, did the Bankruptcy Court properly enjoin Marciano from interfering with the Trustee's exclusive control over the appellate rights?

4.     Did the Bankruptcy Court correctly determine that it had jurisdiction: (a) to decide whether the appeals from adverse state court judgments against a chapter 11 debtor are property of the bankruptcy estate pursuant to Bankruptcy Code section 541 over which a duly appointed chapter 11 trustee, as estate representative, has exclusive control and (b) to enjoin the debtor from exercising control over that property?

5.     Did the Bankruptcy Court properly decline to abstain?

6.     Did the Bankruptcy Court deprive Marciano of his civil or constitutional rights by holding that the appellate rights arising from adverse state court judgments against him are property of his bankruptcy estate over which the Trustee has exclusive

control and by enjoining Marciano from interfering with the Trustee's exclusive control over that property?

### III.   STATEMENT OF THE STANDARDS OF REVIEW

A bankruptcy court's findings of fact will not be reversed unless clearly erroneous.  Fed. R. Bankr. P. 8013; *In re Lewis*, 79 B.R. 893, 895 (B.A.P.  9th Cir. 1987); *In re McCoy*, 111 B.R. 276, 278 (B.A.P. 9th Cir. 1990).  Conclusions of law, including the interpretation of the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), are subject to *de novo* review.  *In re Price*, 871 F.2d 97, 98 (9th Cir. 1989).

A bankruptcy court's issuance of a permanent injunction is reviewed for an abuse of discretion.  *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 967 (8th Cir. 2005).  An abuse of discretion occurs when the lower court basis its decision on an erroneous application of the law or a clearly erroneous finding of fact. *Id*.  A district court may affirm a bankruptcy court's decision on any ground finding support in the record, even if the bankruptcy court relied upon the wrong ground or wrong reasoning. *See Evans v. Chater*, 110 F.3d 1480, 1481 (9th Cir. 1997).

Each issue presented in this appeal (other than Issue Numbers 3 and 5), is a question of law subject to *de novo* review.  Issue Number 3 (the issuance of the permanent injunction) and Issue Number 5 (abstention) are reviewed for an abuse of discretion.

### IV.   STATEMENT OF THE CASE

Notwithstanding Marciano's convoluted constitutional hyperbole, the case before this Court is simple and straightforward.  In accordance with well-settled case law and directly applicable precedent from this very district, *In re Mozer*, 302 B.R. 892 (C.D. Cal. 2003), the Bankruptcy Court below determined that the appellate rights arising from the appeals of adverse money judgments entered against appellant Marciano in state court are property of Marciano's bankruptcy estate over which

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

David Gottlieb, the court-appointed chapter 11 trustee, as estate representative, has exclusive control. After three hearings and no less than five briefs filed by his counsel, the Bankruptcy Court rejected Marciano's argument that the appeals of the adverse state court judgments and the dismissal of his complaints raised "personal, individual, constitutional" issues that remained vested in him personally and over which the Trustee had no control. As Marciano had obtained relief from the automatic stay to continue to prosecute the appeals prior to the Trustee's appointment, the Bankruptcy Court entered an order enjoining Marciano from interfering with the Trustee's control over the appellate rights pursuant to Bankruptcy Code section 105(a) and Federal Rule of Bankruptcy Procedure 7065. It is from this order that Marciano appeals.

## V.   STATEMENT OF THE FACTS

### A.   Background

#### 1.   The Judgments against Marciano in the State Court Lawsuits.

In 2007, Marciano filed two lawsuits in the Superior Court of the State of California for the County of Los Angeles (the "Superior Court") against seven former employees he claimed stole from him (the "State Court Lawsuits"). The defendants in the State Court Lawsuits countersued for defamation, libel and intentional infliction of emotional distress. In 2009, as a terminating sanction for discovery violations, the Superior Court dismissed Marciano's complaints in the State Court Lawsuits, struck his answers to the cross-complaints and entered judgments (the "Judgments") against him on the countersuits. (ER, Vol. 1, Tab 3, 97-98).[1]

In his Opening Brief, Marciano refers to the Judgments as "Default Judgments. As the Bankruptcy Court noted, however, the Judgments did not result from

---

[1] All citations to the Excerpt of Record ("ER") are to those filed by Marciano as Docket Nos 11, 12, 23, 14, 15, 16 and 17. The Trustee filed an Appellee's Excerpts of Record which includes all of the documents referenced in the Trustee's Designation of Additional Items To Be Included On Appeal. He has not, however, cited to any of the documents contained therein. Those excerpt were filed, in an abundance of caution, in the event that the Court does not dismiss the appeals of the other four orders that were included in Marciano's Notice of Appeal. *See infra*, n. 2.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Marciano's mere failure to appear. "On the contrary," the court wrote, "Mr. Marciano was actively participating in the litigation before the Superior Court struck [his] answers to the cross-complaints. As a result of his inappropriate and dilatory conduct, Marciano forfeited his opportunity to continue to litigate in the trial court." *See In re Marciano*, 446 B.R. 407, 427-28 (Bankr. C.D. Cal. 2010) (holding that the Judgments are not "default judgments" but are unstayed "sanctions judgments" which are not in bona fide dispute for the purpose of Bankruptcy Code section 303), *aff'd*, 459 B.R. 27 (B.A.P. 9th Cir. 2011).

Marciano's "inappropriate and dilatory conduct" that resulted in the imposition terminating sanctions (detailed at length in the aforementioned opinion of the Bankruptcy Court) included: (a) changing counsel 16 times, which the Superior Court concluded was for strategic and/or tactical reasons; (b) deposing one defendant five times (four times with successive lawyers and once himself); (c) refusing to respond to requests for dates to schedule his deposition; (d) requesting numerous continuances of his deposition; (e) seeking a protective order to avoid being deposed, which the Superior Court found "constituted the making, unsuccessfully and without substantial justification, of a motion to limit discovery in violation of [California] Code of Civil Procedure Section 2023.01(h);" (f) refusing to appear at a subsequently noticed deposition-even after the Superior Court denied his motion for protective order and sanctioned him, and (g) refusing to appear at numerous other noticed depositions. *See In re Marciano*, 446 B.R. at 412-15. As a result of the discovery abuses for which Marciano was repeatedly sanctioned, the Superior Court struck his answers to the cross-complaints. Thereafter, damages were determined and judgments totaling approximately $260 million were entered by the Superior Court after being reduced so that the damages did not exceed the amounts demanded in the cross complaints. *In re Marciano*, 459 B.R. 27, 56 (B.A.P. 9th Cir. 2011).

Marciano subsequently appealed the dismissal of his complaints, the striking of his answers to the cross-complaints and the entry of the Judgments against him, which

appeals are pending in the Second and Third Divisions of the Second District of the California Court of Appeals (the "State Appellate Court") (Appeal Nos. B215463, B216598, B218087, B220011, B216029, and B219558) (the "State Court Appeals"). (ER, Vol. 1, Tab 3, 97). He also filed a lawsuit in the United States District Court for the Central District of California (*Marciano v. White*, Case No. 2:09-cv-03437-MMM-AJW) against the trial judge in the State Court Lawsuits, in which he alleged, among other things, that she violated his constitutionally protected right to a jury trial, freedom of speech and due process by entering the terminating sanctions and dismissing his complaints. The Ninth Circuit Court of Appeals recently upheld the District Court's dismissal of the complaint against Judge White. See *Marciano v. White*, 431 Fed. Appx. 611 (9th Cir. 2011).

### 2.    The Bankruptcy Case.

### a.    The Order for Relief.

On October 27, 2009, three of the defendants/cross-complainants in the State Court Lawsuits who held Judgments against Marciano filed an involuntary petition against him under chapter 11 of the United States Bankruptcy Code. (ER, Vol. 2, Tab 9, 384). Marciano contested the involuntary petition on numerous grounds, including that it violated the prohibition in the 13th Amendment to the United States' Constitution against involuntary servitude. *See In re Marciano*, 459 B.R. at 39. On December 28, 2010, after protracted litigation, the Bankruptcy Court entered the Order for Relief, which order was recently upheld on appeal. *See In re Marciano*, 459 B.R. at 58-59.

### b.    The Appointment of the Trustee.

Marciano's dilatory conduct continued in the proceedings before the Bankruptcy Court. On March 7, 2011, as a result of Marciano's continued refusal to file his schedules and statements or perform other activities required by the Bankruptcy Code, the Bankruptcy Court ordered that a trustee be appointed. (ER, Vol. 2, Tab 9, 384-385, 393-394; ER, Vol. 1, Tab 6, 200). David Gottlieb was

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

appointed as Trustee by order entered on March 11, 2011 (ER, Vol. 2, Tab 9, 385, 400-403). Marciano appealed from the orders appointing the Trustee and sought a stay pending appeal, which was denied.  (ER, Vol. 2, Tab 9, 385).  He also sought to remove the Trustee and disqualify the Trustee's counsel. (ER, Vol. 1, Tab 6, 125). Both motions were denied.  (ER, Vol. 1, Tab 6, 204).

### B.   The Proceedings Below

#### 1.   The TRO

Prior to the appointment of the Trustee, when Marciano was still acting as debtor in possession, Marciano sought and obtained relief from the automatic stay to proceed with the State Court Appeals. (ER, Vol. 1, Tab 6, 219-220).  After his appointment, the Trustee became aware that Marciano was still attempting to prosecute the State Court Lawsuits and the State Court Appeals without notice to, input from or consultation with the Trustee. (ER, Vol. 1, Tab 1, 14-15). In order to comply with his responsibilities under the Bankruptcy Code and protect the property of the estate, the Trustee filed his *Motion for Order to Reimpose Automatic Stay to Fahs Related Actions, Iskowitz Related Actions and Related State Court Appeals* (the "Stay Motion"), pursuant to which he asked the Bankruptcy Court to reimpose the stay on the State Court Lawsuits and the State Court Appeals. (ER, Vol. 1, Tab 1, 1).

At a hearing held on April 29, 2011, the Bankruptcy Court determined that it had not previously lifted the automatic stay with respect to the State Court Lawsuits and any actions that Marciano had taken post-petition in those actions violated the stay and were void. (ER, Vol. 1, Tab 6, 219-220, 239).  With respect to the State Court Appeals, the Bankruptcy Court issued its *Temporary Restraining Order and Order to Show Cause why Preliminary Injunction Should Not Issue on Trustee's Motion for Order to Reimpose Automatic Stay to Fahs Related Actions, Iskowitz Related Actions and Related State Court Appeals* (the "TRO"). (ER, Vol. 1, Tab 5, 118).  In lieu of reimposing the automatic stay (which had, as mentioned above, been previously modified to permit Marciano to prosecute the State Court Appeals prior to

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the appointment of the Trustee), the Bankruptcy Court treated the Stay Motion as a request for the issuance of a preliminary injunction pursuant to Bankruptcy Code section 105(a) and Federal Rule of Bankruptcy Procedure 7065(b)(1) and issued a temporary restraining order enjoining Marciano or his agents from "prosecuting or in any way pursuing any and all of the [State Court] Appeals." The Bankruptcy Court also scheduled an order to show cause hearing on the issuance of a preliminary injunction for May 11, 2011. (ER, Vol. 1, Tab 5, 118). In connection with the issuance of the TRO, the Bankruptcy Court found:

> In light of the Court's appointment of a Chapter 11 trustee in this case, the Court finds that the debtor's pursuit of these actions threatens the integrity of his bankruptcy estate. And the Court cites to In re Canter, 299 F.3d 1150, which is a Ninth Circuit case from 2002. Moreover at this time debtor does not have standing to prosecute such appeals. And the Court cites to Turner v. Cook, 362 F.3d 1219, which is also cited in movant's brief, Ninth Circuit, 2004. And the Court also wants to refer to In re Mason, which was cited by the debtor, which is a case about irreparable harm and that's a Ninth Circuit case that talks about "an order for relief effectively divests the debtor of his assets, creating an estate controlled by the bankruptcy court."

(ER, Vol. 1, Tab 6, 238-239).

### 2.    The Preliminary Injunction

#### a.    The May 11th Hearing

At a hearing on May 11, 2011, Marciano's counsel asserted in oral argument that the State Court Appeals involved "personal, individual, constitutional issues" that were not property of the estate and could not be controlled by the Trustee. As the parties had not briefed this issue, the Bankruptcy Court continued the hearing until May 23, 2011, with the intention that the parties would agree on a briefing schedule.

#### b.    The May 23rd Hearing

At the May 23, 2011 hearing, the Bankruptcy Court heard oral argument and then issued the Preliminary Injunction, which states:

> The Court has determined that the Trustee has the sole and exclusive authority to administer and control all of the

Debtor's assets, rights, and remedies that are implicated in the Appeals that constitute property of the Debtor's bankruptcy estate (the "Estate") and that further, presumptively, all such assets, rights and remedies are property of the Estate unless Marciano can establish otherwise.  Further, the Court has determined that the right, power and privilege to resolve liabilities asserted against the assets of the Estate (as opposed to liabilities that are or may be personal to the Debtor) and pursue claims of the Estate are within the sole and exclusive control of the Trustee. Marciano has asserted that the Appeals also implicate certain "personal" and "constitutional" rights (the "Personal Rights") that are not property of the Estate and that cannot be controlled by the Trustee.  The Court will determine to what extent, if any, such Personal Rights exist (the "Personal Rights Issue") and whether or not they are within the exclusive control of the Trustee or the Debtor at the continued hearing hereon on June 27, 2011.

(ER, Vol. 3, Tab 21, 710-712).

### 3.       The Permanent Injunction

Finally, at a hearing held on June 27, 2011, the Bankruptcy Court rejected Marciano's claims that the State Court Appeals involved "Personal Rights" that were not property of the estate and subsequently entered the order at issue in this appeal (the "Bankruptcy Court Order"), which provides, in pertinent part:

[T]he Court has determined that:  the Appeals (Appeal Nos. B216029; B219558; B215463; B216598; B218087; and B22001 currently pending before the Court of Appeal for the State of California, Second Appellate District, Divisions 2 and 3) and all of the rights and remedies related thereto are exclusively property of the Estate; the Appeals and all rights and remedies related thereto are exclusively controlled by the Trustee; the Appeals do not implicate any rights or remedies that are not property of the Estate; there are no residual rights or remedies with respect to the Appeals that vest, or remain vested with the Debtor; and that the Appeals (and the rights and remedies related to the Appeals) are protected from interference by all third parties (including, without limitation, the Debtor and his agents) pursuant to, inter alia, Bankruptcy Code section 362(a)(3).  Further, good cause appearing therefor:

IT IS HEREBY ORDERED AS FOLLOWS:

. . . .

2.       The Court hereby issues its permanent injunction (the "Permanent Injunction"), permanently restraining the Debtor and his agents from prosecuting or in any way pursuing or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

interfering with the Trustee's pursuit of the Appeals.  The Permanent Injunction specifically prohibits the Debtor and his agents from opposing, seeking relief from, or in any way communicating with the California Court of Appeal regarding the Trustee's pending Ex Parte Application for Substitution of Party Pursuant to California Code of Civil Procedure Section 368.5 in the Iskowitz Appeal (Appeal Nos. B216029 and B219558) and the Ex Parte Application for Substitution of Party Pursuant to California Code of Civil Procedure Section 368.5 granted in the Fahs Appeal (Appeal Nos. B218087, B215463, B216598, and B22001) and/or any other pleadings that the Trustee files or may file in furtherance of substituting himself, as trustee, in those Appeals in place and instead of Marciano as appellant. Notwithstanding anything herein to the contrary, the appellees in the Fahs Appeal will not be excused from filing their appellate briefs in said Appeal in accordance with any briefing schedules set by the appellate court.

3.      The resolution or determination of factual issues in connection with the Appeals shall have neither a res judicata nor collateral estoppel effect with respect to any action brought herein seeking a denial of a discharge of the Debtor pursuant to Bankruptcy Code section 727 or a determination that a claim against the Debtor is non-dischargeable pursuant to Bankruptcy Code section 523.

(ER, Vol. 7, Tab 53, 1459-1461).  Marciano appealed the Bankruptcy Court Order on July 27, 2011. (ER, Vol. 7, Tab 55, 1477-1480).[2]  The Trustee was substituted into the State Court Appeals for Marciano by orders entered by the State Appellate Court on May 20, 2011 and October 6, 2011.

_____

[2] Marciano's Notice of Appeal appealed five separate Bankruptcy Court orders: (1) Order Granting Motion of Chapter 11 Trustee to Compel Debtor to (a) Comply with All of His Obligations Pursuant to Bankruptcy Code § 521, Federal Rules of Bankruptcy Procedure Rule 1007 and the Requirements of The United States Trustee Applicable to Chapter 11 Debtors; and (b) Attend Rescheduled 341(a) Examination; Memorandum of Points & Authorities; Declaration of Jeremy V. Richards [Docket No. 417]; (2) Order Denying Debtor's Motion for Relief from the Automatic Stay [Docket No. 418] ; (3) Order Denying Debtor's Motion for Relief from the Automatic Stay [Docket No. 419] ; (4) Permanent Injunction Restraining Debtor and His Agents From in Any Way Prosecuting, Pursuing, or Interfering With Appeals Pending from State Court Judgments [Docket No. 420], and (5) Order Denying in Part and Continuing in Part Debtor's Motion for Protective order Regarding May 20, 2011 Orders Under F.R.B.P. 2004 and Related Subpoenas [Docket No. 421], each of which was entered on July 20, 2011.  His Opening Brief, however, only addresses the appeal from the Bankruptcy Court Order (i.e., Bankruptcy Docket No. 420). Therefore, this brief addresses only that appeal.  Marciano's appeal of the remaining four orders should be dismissed. *See* Local Bankruptcy Rule 8081-4.4 ("If an appellant fails to file a brief within the time provided by these rules, the district court may dismiss the appeal on its own motion or upon the motion of the appellee.").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## VI.  ARGUMENT

### A.  The Bankruptcy Court correctly decided that the appellate rights are property of Marciano's bankruptcy estate.

1.  Under *In re Mozer*, 302 B.R. 892 (C.D. Cal. 2003) and California Civil Code section 655, the right to appeal from an adverse state court judgment is property of the estate even if the debtor raises constitutional challenges.

The Bankruptcy Court correctly decided that the State Court Appeals and all the rights and remedies related thereto (the "Appellate Rights") are property of Marciano's bankruptcy estate under Bankruptcy Code section 541(a), which provides, "The commencement of a case under section 301, 203, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever held and by whomever held. . . . [A]ll legal and equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  What constitutes a "legal or equitable interest of the debtor in property" is defined by state law.  *See Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).  California Civil Code section 655, in turn, provides, "There may be ownership of all inanimate things which are capable of appropriation or manual delivery; of all domestic animals; of all obligations; of such products of labor and skill as the composition of an author, the good will of a business, trade, marks and signs and of rights created or granted by statute."  Cal. Civ. Code § 655 (West 2012).

Under California law, the right to appeal an adverse judgment or ruling is a right created by statute.  *See Cobb v. University of Southern California,* 38 Cal. Rptr. 2d 543, 544 (Cal. Ct. App. 1995).  As such, it is a property interest under California Civil Code section 655.  *See In re Mozer,* 302 B.R. 892, 896 (C.D. Cal. 2003).  In *Mozer*, the debtor sued her former law partners, who countersued and won. *Id.* at 894. After the debtor filed a chapter 7 bankruptcy, the trustee sought to sell the estate's right, title and interest in the appeal to the judgment creditors for $10,000.00, which

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

would have effectively settled the appeals.  Over the debtor's objection, the bankruptcy court authorized the sale.  *Id.* at 894.  On appeal, the debtor argued that the right to appeal the adverse judgment on the countersuit was not property of the estate because it arose from a liability (the judgment against it) and not an asset.  The District Court disagreed and explained that the right to appeal a state court judgment is neither constitutionally created or constitutionally required.  It is a creation of statute. As such, it is a property interest under California Civil Code section 655, which qualifies it as property of the estate under Bankruptcy Code section 541.  The District Court noted, "[T]he basic assumption that the Debtors have a constitutional right to appeal the state court judgment is flawed.  Due process does not compel an absolute right to appeal.  Appellate rights may be limited by statute.  Here, the right is subject to the restrictions on a debtor's property which are part of the bankruptcy process." *Id.* at 897 n.4.  The court went on to hold, "**The right to appeal is valuable in nature and is the property of the bankruptcy estate under California's broad concept of property rights.  Therefore, all of the Debtors' appellate rights, including the Defensive Appellate Rights, are saleable by the Trustee.**"  *Id.* at 896.  *See also In re McCarthy*, 2008 WL 8448338, *16 (B.A.P. 9th Cir. Feb. 19, 2008) (noting that defensive appellate rights are property of the debtor's bankruptcy estate."); *Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 232 (3rd Cir. 2001) (holding that the right to appeal a $9 million judgment against the debtor is part of the debtor's bankruptcy estate and that only the bankruptcy trustee could pursue that appeal unless the trustee had abandoned it); *South Edge LLC v. JP Morgan Chase Bank, N.A.*, 2011 WL 1626567, *6 (D. Nev. Apr. 28, 2011) ("Nor is the right to appeal post-petition property of the debtor.").

Marciano contends, however, that the State Court Appeals themselves involve "personal, individual, constitutional rights," and as such, the Bankruptcy Court should have split them into two separate parts—one part that is not personal/individual/constitutional, which passes to the bankruptcy estate and over

which the Trustee has control and another part that <u>is</u> personal/individual/constitutional which Marciano retains and controls. Setting aside the nature of those personal/individual/constitutional rights for a moment, suffice it to say that there is no support, either legal of factual, for this splitting-the-baby approach to what constitutes property of the estate.

Furthermore, the *Mozer* case speaks to this issue and rules directly to the contrary. It holds that the right to appeal an adverse judgment is property of the estate under Bankruptcy Code section 541(a), <u>even where one of the grounds for appeal is that the debtor's constitutional rights were violated</u> The debtor in *Mozer* raised numerous constitutional challenges both to the underlying judgment against her in state court and to the bankruptcy court's approval of the sale of the Appellate Rights, each of which were rejected by the District Court:

> The Debtors argue that the Sale Orders deprive the Debtors of both their appellate rights in state court and also deprive Mozer of her right to a trial in an adversary proceeding. The Debtors assert that this deprivation violates the Fifth and Fourteenth Amendments. The Debtors argue that their fundamental rights, particularly the right to a fair trial, were violated by the rendering of the state court judgment against the Debtors. (Appellants' Brief, p. 16.)

> The Court has held that the appellate rights, including the Defensive Appellate Rights, are property that can be sold by the trustees. Clearly, the Debtors had the constitutional right not to be deprived of property without due process. However, the Debtors lost the rights to the property through the process of filing for chapter 7 relief, thereby passing all prepetition property into the bankruptcy estate. Loss of property through the chapter 7 process is not a deprivation of property without due process. . . . The fact that certain rules and restrictions governing the Debtors' prepetition property follow from the election of this process does not imply any violation of constitutional rights. The sale of the appellate rights is no different than the sale of any other property of a debtor. The Court concludes that there is no basis in the record from which to find any violation of the debtors' Fifth or Fourteenth Amendment rights.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Id*. at 897.  Finally, before remanding to determine whether the sale was in the best interest of creditors, the District Court also noted that it is the trustee, <u>not</u> the debtor, who is charged with administering appellate rights. *Id*. at 896 n.3.

*Mozer* is directly applicable to the issue before this Court.  There, as here, the fact that the debtor's challenge to the underlying judgment might involve constitutional issues has no bearing on whether the Appellate Rights are property of the estate.  Nor does the trustee's control over the Appellate Rights violate the debtor's due process.  The fact that Marciano was put into this chapter 11 proceeding involuntarily changes nothing.  If an asset is property of the estate under section 541 of the Bankruptcy Code, it makes no difference whether it got there through a voluntary or involuntary filing.  *See* 5 Collier on Bankruptcy ¶ 541.02, at 541-12 ("Under section 541(a), and with a few enumerated exceptions, the bankruptcy estate consists of all of the debtor's legal and equitable property interests that existed as of the commencement of the case, that is, as of the time that the bankruptcy petition, voluntary or involuntary, is filed.").  Indeed in *In re Meyerland Co.*, 82 B.R. 831, 834 (Bankr. S.D. Tex. 1988), the bankruptcy court held, in the context of an involuntary chapter 11 case, that the debtor's right to appeal a $29 million judgment against it "is undoubtedly property of the estate."  Furthermore, to the extent that Marciano's due process rights are implicated simply by classifying an asset as property of the estate, Marciano's due process rights were protected through the protracted, contested trial that was held regarding the entry for the order for relief.

Finally, it is important to examine the nature of the constitutional rights that Marciano contends are at issue in the State Court Appeals.  The State Court Lawsuits themselves were not suits to vindicate Marciano's constitutional rights.  In the underlying litigation, Marciano did not claim that a defendant discriminated against him or illegally searched his home or deprived him of his liberty.  The State Court Lawsuits were about one thing—obtaining a money judgment against the defendants who he claimed stole from him, and the State Court Appeals are similarly about one

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

thing—reversing the money judgments that the defendants/cross-complainants obtained against him.  Furthermore, Marciano has no constitutional right (only a statutory one) to appeal from the adverse disposition in the State Court Lawsuits.  So he is not being deprived of a "constitutional right to appeal."  His constitutional claims amount to allegations that the trial judge in the State Court Lawsuits violated his Due Process and First Amendment rights by entering terminating sanctions. As is set forth above, the fact that a debtor may raise a constitutional challenge to a state court money judgment does not remove the Appellate Rights from the purview of Bankruptcy Code section 541.

### 2. Even if the Appellate Rights are themselves constitutional rights, they are still property of the estate where, as here, their resolution impacts only the bankruptcy estate.

Even if the Court were to distinguish or reject *Mozer* and find that the Appellate Rights themselves are constitutional rights, one still does not reach the conclusion that those rights are not property of the estate, where as here, their resolution exclusively impacts the assets and liabilities of the estate and does not affect Marciano personally. Marciano's liberty is not at stake.  Nor are his personal assets or personal liabilities. The Bankruptcy Court Order itself states that the resolution of the State Court Appeals will not have any preclusive effect on a nondischargeability action. Therefore, the threat of the imposition of personal liability resulting from the Trustee prosecuting, defending or settling the State Court Appeals is absent.

The outcome of the State Court Appeals is simply a matter of dollars and cents—estate dollars and cents.  If the State Appellate Court overturns the Judgments, estate liabilities will be reduced.  If the Judgments are affirmed, they will be paid from estate assets.  If the dismissal of Marciano's complaints in the State Court Lawsuits is overturned, a potential asset of the estate will be reinstated (i.e., the lawsuits), and the Trustee will have to decide whether the lawsuits have value and should be pursued, settled, sold or abandoned.  It is disingenuous to argue that where the outcome of a

piece of litigation is exclusively monetary, has no impact on the debtor's personal liabilities or liberty, and affects only the assets and the liabilities of the estate that it is not property of the estate.

> **3.      Marciano fails to cite one case that stands for the proposition that Appellate Rights or constitutional rights are not property of the estate.**

Finally, Marciano has not cited one case that holds that Appellate Rights or even constitutional rights are not property of the estate, and each case that he has cited for that proposition is factually or legally distinguishable.  In *Kaye v. City of Los Angeles*, 857 F.2d 1478 (9th Cir. 1988), for example, it is true that the 9th Circuit declined to decide whether an action for employment discrimination might be property of the estate.  It was unnecessary to do so in the context of the case, which involved a dispute over whether attorneys fees paid directly to a debtor's attorney pre-petition for an employment discrimination action were recoverable as a preference.  Other courts, however, have concluded that they are.  *See Bickford v. Ponce De Leon Care Center,* 918 F. Supp. 377 (M.D. Fla. 1996) (employment discrimination suit is property of the estate and the trustee was the proper party to substitute in the action and prosecute the action on behalf of the estate); *In re Carson*, 82 B.R. 847, 851 (Bankr. S.D. Ohio 1987)("Although the Court's research has revealed no reported decision which specifically holds that a debtor's Title VII employment discrimination action constitutes property of the bankruptcy estate, the Court can conceive of no logical reason why such actions should be excepted from the general rule providing that all causes of action which have accrued to the Debtor as of the filing of the petition are property of the estate.").  Again, even if this case held that a constitutional right was not property of the estate, it would be distinguishable because Marciano's underlying claims in the State Court lawsuits against the judgment creditors were not constitutional ones.  The other cases cited by Marciano deal with standing issues – not

whether an Appellate Right or a constitutional right is property of the estate—and, for the reasons set forth in Section VI (B) *infra*, each cited case is distinguishable.

Finally, the fact that a right is "personal" does not, as Marciano suggests, mean that the action to redress an injury of that "right" is not property of the estate.  If a doctor accidentally amputates the wrong leg during surgery, the debtor's action for negligence against the doctor is still property of the estate, even though it cost him his one good leg, something very personal indeed.  *See In re Engelbrecht,* 368 B.R. 898, 902 (Bankr. M.D.Fla. 2007).  For all of the foregoing reasons, the Bankruptcy Court's determination that the Appellate Rights are property of the estate should be upheld.

**B.**  **The Bankruptcy Court correctly determined that the Trustee has exclusive control over the Appellate Rights.**

**1.**  **The Trustee is the exclusive representative of the bankruptcy estate.**

The Bankruptcy Court correctly decided that the State Court Appeals and all rights and remedies related thereto are exclusively controlled by the Trustee.  As the court-appointed chapter 11 trustee, the Trustee is the sole representative of Marciano's bankruptcy estate.  Bankruptcy Code section 323 does not say that the trustee is "A" representative of the estate.  It says he is "THE" representative of the estate.  11 U.S.C. § 323(a) ("The trustee in a case under this title is the representative of the estate. (b) The trustee in a case under this title has capacity to sue and be sued.").  As the sole estate representative, such, the trustee has the exclusive authority to assert and defend causes of action that belong to the estate.  S*ee e.g., Turner v. Cook*, 362 F.3d 1219, 1226, n.10 (9th Cir. 2004), *cert. denied*, 543 U.S. 987, 125 S.Ct. 498, 160 L.Ed. 2d 371 (2004) (once a trustee has been appointed, a debtor is no longer a debtor in possession, and therefore, the only party entitled to prosecute causes of action on behalf of the estate under Bankruptcy Rule 6009 is the trustee); *In re Eisen*, 31 F.3d 1447, 1451 n. 2 (9th Cir. 1994) (once a trustee is appointed, the debtor's assets and claims pass to the trustee, making the trustee the proper party in interest and the only

party with standing); *Moses v. Howard University Hosp.*, 606 F.3d 789, 795 (D.C. Cir. 2010) ("In the context of bankruptcy proceedings, it is well understood that 'a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed.'") (citations omitted); *In re Flanagan*, 503 F.3d 171 (2d Cir. 2007) ("It is well established that once a trustee is appointed, a debtor loses all authority to litigate any claim filed by or against the estate."); *Parker v. Wendy's International, Inc.*, 365 F.3d 1268, 1272 n.3 (11th Cir. 2004) ("[T]he instant the bankruptcy petition was filed, [the debtor's] claim against Wendy's became property of the estate under section 541 and [the trustee] became the real party in interest. At that point, the debtor ceased to have an interest in the discrimination claim, unless and until the trustee abandoned it.").

California law is equally clear on this point. California Code of Civil Procedure section 367 provides, "Every action must be prosecuted in the name of the real party in interest . . . ." Cal. Code Civ. Pro. § 367. At the moment the Trustee was appointed, Marciano ceased to be the "real party in interest," which is now the Trustee, acting on behalf of all the Estate's creditors. Accordingly, pursuant to Federal Rule of Bankruptcy Procedure 2012, the Trustee was automatically substituted into the State Court Appeals on behalf of Marciano by operation of law upon his appointment, and as was noted above, was subsequently formally substituted into the State Court Appeals.

Marciano is now a debtor-out-of-possession and the Bankruptcy Rules make clear that only a trustee or a debtor-IN-possession has authority to prosecute litigation on behalf of the estate. Federal Rule of Bankruptcy Procedure 6009 provides, "With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding on behalf of the estate before any tribunal." As a debtor-OUT-of-possession, Marciano simply does not

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

qualify.  After the appointment of the Trustee, Marciano had no more authority to prosecute the State Court Appeals than he would have had to sell a commercial building or, say, an 84 carat diamond that is property of the Estate.  That authority is vested by law in the Trustee (subject to oversight by the Bankruptcy Court and creditors), and it is his to exercise unless and until he is removed or brings a motion before this Court to abandon the State Court Appeals pursuant to Bankruptcy Code section 554.

> **2.**      **The fact that the State Court Appeals might involve constitutional issues does not divest the Trustee of his authority as sole estate representative.**

*Mozer* clearly acknowledges that the Trustee has the right to control (and even sell) the Appellate Rights, even when constitutional issues are raised on appeal, and Marciano does not cite one case to the contrary.  The majority of the cases cited by Marciano did not involve a bankruptcy case, the Bankruptcy Code, a determination of property of the estate--constitutional or otherwise, or the standing of a bankruptcy trustee.  As such, they are simply not relevant to the case before this Court which involves a trustee in bankruptcy that has been specifically authorized by federal law to prosecute and defend causes of action that belong to the debtor's bankruptcy estate.[3]

---

[3]   Each of the cases cited by Marciano are distinguishable to the point of irrelevance. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed. 2d 351 (1992) (holding that an environmental organization lacked standing to sue federal government for implementation of regulations pursuant to Endangered Species Act); *Firestone v. Galbreath*, 967 F.2d 279 (6th Cir. 1992) (heirs of an estate did not have capacity to sue executor on behalf of the decedent's estate); *Hong Kong Supermarket v. Kizer*, 830 F.2d 1078 (9th Cir. 1987) (supermarket lacked standing to sue state and federal agencies for alleged discrimination on behalf of its customers); *Singleton v. Wulff*, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed. 2d 826 (1976) (standing of physicians to bring declaratory relief action to challenge constitutionality of a law that excluded abortions from Medicaid benefits); *Kulo v. Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed. 132 (1978) (California court lacked personal jurisdiction over a father who lived in New York in a divorce case); *Barrows v. Jackson*, 346 U.S. 249, 73 S.Ct. 1031, 97 L. Ed. 1586 (1953) (permitting an action for damages against a neighbor who breached a restrictive covenant not to sell her property to non-Caucasians violates 14th Amendment); *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed 2d 947 (1968) (standing of taxpayers to bring suit to prevent expenditure of federal funds for books for parochial schools); *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed. 2d 393 (1961) (addressing whether Sunday closing laws violated the First

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Of the cases cited by Marciano that actually involved a bankruptcy case, <u>none</u> involved a trustee who was asserting the rights of the debtor—constitutional or otherwise.[4]

**3.      The fact that the Judgments are on appeal does not divest the Trustee of his control over the Appellate Rights.**

The fact that the State Court Lawsuits are on appeal has no bearing on the issue whether the Trustee is the real party in interest in the State Court Appeals.  The United States Supreme Court has stated, "Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation."  *See Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 255, 114 S.Ct. 1798, 127 L.Ed. 99 (1994).

---

Amendment); *Insurance Corp of Ireland, LTD v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed. 2d 492 (1982) (upholding the imposition of sanctions for failure to comply with discovery orders related to attempts to establish personal jurisdiction in lawsuit over insurance policy); *United States v. Herrera*, 584 F.2d 1137 (2d Cir. 1978) (dealing with harboring illegal aliens and prostitution); *Big Eagle v. Andera*, 508 F.2d 1293 (8th Cir. 1975) (tribal disorderly conduct statute was not constitutionally vague); *O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973) (addressing the rights of clergy to perform services in prisons); *Central States Southeast v. Merk-Medco Managed Care, LLC*, 433 F.3d 181 (2d Cir. 2005) (an order certifying a class was remanded to determine if named beneficiaries of a pharmaceutical benefit plan had standing to sue).

[4]    *See In re Pacific Land Sales, Inc.,* 187 B.R. 302 (9th Cir. BAP 1995) (holding that transferees of an unauthorized post-petition transfer (a radio station) did not have standing to object to an order enjoining them from trying to obtain control over the debtor's FCC license on the grounds that the bankruptcy court lacked personal jurisdiction over a co-defendant); *Weissman v. Weener*, 12 F.3d 84 (7th Cir. 1993) (holding that a shareholder of bankrupt corporation was not the real party in interest under Federal Rule of Civil Procedure 17 to sue corporation's attorney for malpractice); *In re 1031 Tax Group, LLC*, 420 B.R. 178 (Bankr. S.D. N.Y. 2009) (bankruptcy trustee lacked standing to recover damages from a third party creditor for aiding and abetting breach of fiduciary duty); *In re Wilson*, 4 B.R. 605 (Bankr. E.D. Wash. 1980) (trustee did not have standing to challenge the constitutionality of the debtor's claimed exemptions on behalf of creditor where he was not vested with the rights, power and privileges of a creditor who extended credit before the enactment of the new code); *In re Skipworth*, 9 B.R. 730 (Bankr. S.D. Cal. 1981) (same); *In re Emmerich*, 19 B.R. 666 (9th Cir. BAP 1982) (allowing joint debtors to "stack" federal and state exemptions); *Scarboro v. ITT Industrial Credit Company*, 13 B.R. 439 (D. M.D. Ga. 1981) (trustee had standing to challenge constitutionality of code section allowing an award of fees to secured creditors); *In re Cinematronics, Inc*., 916 F.2d 1444 (9th Cir. 1990) (bankruptcy trustee did not have standing to assert the 7th amendment rights of a non-debtor co-party in an appeal of an order denying a motion for withdrawal of reference); *Koch Refining v. Farmers Union Central Exchange Inc*., 831 F.2d 1339 (7th Cir. 1987), *cert. denied*, 485 U.S. 906, 108 S.Ct. 1077 (1988) (trustee was proper party to bring alter ego against debtor's shareholders).

Marciano cites *Aniel v. EMC Mortgage,* 2011 WL 835879 (N.D. Cal. 2011) for the proposition that standing is conferred at the time the suit is initiated *ergo* he has standing to continue to prosecute the State Court Appeals because he had standing at the time he filed the State Court Lawsuits.  The cited case does not stand for this proposition.  In *Aniel*, a chapter 11 debtor filed a lawsuit post-petition for wrongful foreclosure against its lenders.  On a motion to dismiss, the defendants contested the debtor's standing to bring the suit on the grounds that a chapter 11 trustee had been appointed.  What the debtor fails to mention is that in *Aniel*, three weeks after filing the suit, the debtor obtained an unopposed order from the bankruptcy court compelling the trustee to abandon the lawsuit to it and on that basis the court found that the debtor had standing. *Id*. at *4. So the case actually supports the Trustee's position because the *Aneil* court held that as of the commencement of the case, the trustee was party with <u>exclusive</u> rights to sue, and that the standing subsequently shifted to the debtor after the abandonment.  If standing was a static concept that could only be conferred at one moment in time, the debtor in *Aneil* could not have acquired it through abandonment and the case would have been dismissed.

> **4.      The possibility that the Judgments may be reduced or overturned on appeal does not divest the Trustee of his control over the Appellate Rights.**

The possibility that the Judgments may be reversed on appeal does not divest the Trustee of his control over the Appellate Rights.  If and when that occurs, Marciano may have grounds to seek a dismissal of the chapter 11 case and he is free to do so at that time.  Marciano further contends that a reduction in the Judgments on appeal would create a surplus estate, which gives him standing to prosecute the State Court Appeals with the Trustee.  First, there is no evidence of a surplus before this Court, nor was there evidence of a surplus before the Bankruptcy Court.  And why was that?  Because Marciano refused to file his schedules and statements, which refusal is precisely why the Trustee was appointed in the first place.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Even if there were evidence of a surplus, the Trustee would still be the party with the sole authority and standing to prosecute the State Court Appeals.  Not only did Marciano fail to locate any relevant authority to the contrary, but the cases cited by him actually support the Trustee's position.  *In re Lopez*, 283 B.R. 22 (B.A.P. 9th Cir. 2000) involved a debtor's motion to reopen her chapter 7 bankruptcy case to include a pre-petition sexual harassment action that she had not listed on her schedules.  The defendant in the state court action claimed that her failure to list the suit on her schedules precluded the suit on the grounds of res judiciata.  The debtor's standing to pursue the state court sexual harassment action was not at issue before the Ninth Circuit.  However, Judge Klein, in his concurring opinion noted, "[I]n the case of an omitted cause of action, the trustee is the real party in interest and the more correct defenses are that the action is not being prosecuted by the real party in interest and that the debtor lacks standing." *Id.* at *23 (citing *Haley v. Dow Lewis Motors, Inc*. 72 Cal. App. 4th 497, 511 (Cal. Ct. App. 1999).  In *In re Andreuccetti*, 975 F.3d 413 (7th Cir. 1992), also cited by Marciano, a chapter 11 trustee proposed a plan of reorganization that settled a state court cause of action.  The plan was confirmed over the debtor's objection and the debtor appealed the confirmation order.  The issue on appeal was not the debtor's standing to prosecute the state court cause of action (which was being administered by the trustee), but the debtor's standing to appeal the confirmation order.  The Court of Appeals found that the debtor had standing to appeal the confirmation order, but then ruled on the merits that the trustee's proposed settlement of the state court litigation as set forth in the plan was valid. *Id* at *419.  Whether Marciano could appeal the entry of a confirmation order or object to a claim in the bankruptcy case is not at issue in this appeal.

5.    **Given Marciano's history of delay, diversion and deception, the Bankruptcy Court properly declined to authorize him to jointly prosecute the State Court Appeals.**

There is no provision in the Bankruptcy Code or the Bankruptcy Rules for joint prosecution and/or defense of the State Court Appeals, and such concurrent standing would be contrary to established Ninth Circuit precedent. *See Spiritos v. One San Bernardino Sup. Ct.*, 443 F.3d 1172, 1176 (9th Cir. 2006) ("We therefore reaffirm our previous reasoning and that of our sister circuits and hold that the Bankruptcy Code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate.").

Nor would a joint prosecution be feasible given Marciano's posture in the bankruptcy case.  Marciano's history of delays, deception and defiance—before the Bankruptcy Court and the State Court—establishes that it will not be in the best interests of the creditors to let him helm the State Court Appeals.  If the Appellate Rights are property of the estate, it is the trustee who is the exclusive representative of the estate with sole authority over the property of the estate.

Marciano cites two cases in support of his quest for concurrent standing, both of which are inapplicable.  The first, *Donato v. Metropolitan Life Ins.,* 230 B.R. 418 (N.D. Cal. 1999) involves a case under chapter 13 of the Bankruptcy Code.  In a chapter 13 case, there is a trustee, but the debtor retains possession of and may use all of the property of his estate. *Id*. at 425.  On that basis, the court found that a chapter 13 debtor could have concurrent standing with the trustee with respect to a pre-petition cause of action.  There is no concurrent authority in this case.  In a chapter 11 case in which a trustee has been appointed, the debtor no longer has possession, control or use of estate assets and the trustee is the sole estate representative.

Marciano also cites *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778 (2d Cir. 2007) as "allowing debtor and bankruptcy trustee to concurrently pursue Section 1983 claim . . ."  The term "allowing" implies that this issue was raised and decided.  It was

22

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

not.  There is no discussion of standing in the opinion, only the following vague reference, "Plaintiffs-Cine SK8, Catalano, and Douglas Lustig, a bankruptcy trustee-filed a complaint against defendants . . ." *Id*. at 783.  It is impossible to tell from the opinion whether the debtor-plaintiff (which was presumably Catalano) was in a chapter 7, 11 or 13 case, whether the trustee had consented to joint representation , whether the trustee had abandoned the cause of action to the debtor, and or whether the issue was litigated in any form.  Accordingly, it is not instructive to this case.   But even assuming concurrent authority over the State Court Appeals were possible, it is, as stated above, inadvisable in this case and the Bankruptcy Court's decision in this matter should be accorded deference.

>    **C.**     **The Bankruptcy Court properly enjoined Marciano from interfering with the Appellate Rights.**

Bankruptcy Code section 105 authorizes a bankruptcy court to issue both preliminary and permanent injunctions to protect the debtor and the administration of the bankruptcy estate.  *See In re American Hardwoods, Inc.,* 885 F.2d 621, 625 (9th Cir. 1989).  The standard for a permanent injunction is essentially the same as for a preliminary injunction except that the court determines the actual success on the merits.  *See Quiroga v. Chen*, 735 F.Supp. 2d 1226, 1229 (D. Nev. 2010).  Accordingly, the movant must show : (1) irreparable injury; (2) inadequate remedies at law; (3) balance of hardships between plaintiff and defendant favors issuing the injunction; and (4) the public interest would not be disserved by the permanent injunction.  *Id.*  The Bankruptcy Court below found that the Trustee had met the standard.

First, the Trustee succeeded in establishing that the Appellate Rights are property of Marciano's bankruptcy estate, constitutional claims or not, and as the representative of that estate, the Trustee is the true party in interest in the State Court Appeals.  Second, the Bankruptcy Court found that the estate would suffer irreparable injury due to the risk that Marciano was dissipating estate assets to prosecute the

appeals and by misrepresenting to the Superior Court and the State Appellate Courts that he had authority to prosecute the actions after the Trustee had been appointed. (ER, Vol. 3, Tab 11, 537-538).  Third, the Bankruptcy Court found that the injunction would serve the public interest because it would prevent the debtor from using estate assets for his personal benefit.  (ER, Vol. 3, Tab 11, 537-538).  Fourth, only an injunction could have prevented Marciano from interfering with the Trustee doing his court-appointed, Bankruptcy Code mandated duties. As for the balance of the harms, Marciano is not harmed by injunction because he lacks standing to pursue the State Court Appeals and there is no evidence that the Trustee will not manage the State Court Appeals consistent with the fiduciary duties he owes to creditors and the debtor. Furthermore, every constitutional right identified by Marciano is a merely a defense to the liability of the estate to the judgment creditors.  No more, no less.  Thus, their successful assertion (or lack thereof) affects the liability of the estate but has no impact on him personally.  The Bankruptcy Court Order makes clear that the State Court Appeals will have no res judicata or collateral estoppel effect with respect to non dischargeability (i.e. the debtor's personal liability), and there is nothing here that involves criminal liability or Marciano's personal freedoms.  Once these defenses have been litigated or settled, their resolution has no impact on the debtor personally other than their ultimate resolution may affect how much of the estate is returned to him, if any. Accordingly, the injunction should be upheld.

> **D.** **The Bankruptcy Court properly decided that it had jurisdiction to determine whether the Appellate Rights are property of the estate over which the Trustee has exclusive control.**

Marciano claims that the Bankruptcy Court lacks jurisdiction to pass on the constitutional issues he asserts are at issue in the State Court Appeals.  That may or may not be true, but Bankruptcy Court's standing, as an Article I court, to pass on constitutional issues is not relevant.  The only issue before the Bankruptcy Court was whether the Appellate Rights are property of the estate, a question of federal

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

bankruptcy law, which is squarely within the Bankruptcy Court's jurisdiction. Furthermore, the Bankruptcy Court arguably would have had jurisdiction to make determinations as to whether the Appellate Rights were property of the estate even if that determination required it to examine certain constitutional issues. *See In re Roman Catholic Archbishop of Portland in Oregon*, 335 B.R. 842, 853 (Bankr. D. Or. 2005) (bankruptcy court has jurisdiction to decide whether diocesan property allegedly held in trust for non-debtor parishes was property of the estate even though the Archdiocese claimed the determination would violate its First Amendment rights and require the application of cannon law).

### E.      The Bankruptcy Court properly declined to abstain.

#### 1.            The Rooker-Feldman Doctrine is not applicable.

The *Rooker–Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 163 L.Ed.2d 1059  (2006).  It is irrelevant to this case simply because (a) the Trustee was not a state court loser and (b) he did challenge the Judgments in the Bankruptcy Court . Under *Rooker– Feldman*, a federal court will not decline to exercise jurisdiction unless three requirements are met:  (1) the party against whom the doctrine is invoked must have actually been a party to the prior state-court judgment or have been in privity with such a party; (2) the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment; and (3) the federal claim must not be parallel to the state-court claim. *Id*. at 461.  Here, the first requirement is not met as the Trustee was not a party to, nor in privity with, a party in the State Court Lawsuits. *See e.g., In re Kekauoha-Alisa*, 407 B.R. 442, *6-*7 (B.A.P. 9th Cir. 2009) (unpublished opinion) ([Th]e *Rooker–Feldman* doctrine may not be invoked against the chapter 7 trustee because he was not a party to the prior state court judgment.").  In addition, the second criteria is not met.  Here, the Trustee merely sought a determination that the Appellate

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Rights are property of the estate over which he had exclusive control.  None of those issues were ever before the Superior Court.  The case before the Court is distinguishable from the primary one relied upon by Marciano, *In Re Reitnauer*, 152 F.3d 341 (5th Cir. 1998).  In that case,  the lower court did not "in essence" review a state court judgment.  It <u>actually</u> reviewed a state court judgment and based its decision to reverse on its determination that the Texas state court had incorrectly deprived the debtor of its homestead rights under Texas law.  No substantive review of the Judgments took place in connection with the Bankruptcy Court Order.  Accordingly, the Bankruptcy Court correctly declined to abstain as it was not exercising appellate jurisdiction over a final state court judgment.[5]

## 2.       The Younger Doctrine is not applicable.

Marciano also argues that the Bankruptcy Court erred when it refused to abstain from determining that the State Court Appeals were property of the estate over which the Trustee had sole authority under *Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).* In *Younger*, the Supreme Court articulated "the fundamental policy against federal interference with state criminal prosecutions." 401 U.S. at 46, 91 S.Ct. at 751. There, the Court reversed an order of a three-judge district court enjoining a state prosecutor from proceeding further in an ongoing criminal prosecution.  In subsequent decisions, the Supreme Court has extended *Younger* doctrine against federal interference with ongoing state court proceedings to certain types of state civil proceedings.  Younger abstention applies only when three requirements are met:  (1 ) There are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims. *Id.*

---

[5] Even if the Trustee were to seek authority to settle the appeals, Rooker-Feldman would not require abstention. *See In re Ring*, 138 Fed. Appx. 834, 836 (7th Cir. 2005)(permitting trustee to settle appeal of adverse state court judgment did not violate Rooker-Feldman doctrine), *cert denied*, 546 U.S. 1091, 126 S.Ct. 1039, 162 L.Ed. 2d 856 (2006).

Marciano established no "important state interest" that would warrant abstention.  He identified no state statute that is constitutionally infirm or that conflicts with the Bankruptcy Code.  Indeed in the proceeding below, Marciano failed to identify any extraordinary circumstance or constitutional implications relating to the Trustee's collecting the property of the estate and administering it in accordance with his duties pursuant to 11 U.S.C. §§ 323 and 704(1).  Therefore, the Bankruptcy Court properly declined to abstain.

### F.    <u>The Bankruptcy Court's determination that the Appellate Rights are property of the estate over which the Trustee has sole authority did not violate Marciano's civil or constitutional rights.</u>

Marciano alleges on appeal that the Bankruptcy Court's ruling violates numerous of his civil and constitutional rights. If the Appellate Rights are property of the estate, however, the Trustee can hardly be liable for civil rights violations under 42 U.S.C. § 1983 for exercising control over them in compliance with his statutory duties and in accordance with an order from the Bankruptcy Court.

Furthermore, the determination that the Appellate Rights are property of the estate did not violate Marciano's right to access to courts, any more than the entry of the terminating sanctions in state court violated his right to freedom of speech or being required to file schedules and statements violates his right to privacy.  As is evidenced by the mountains of pleadings in this case, the State Court Litigation and the State Court Appeals, one wonders whether anyone has ever had more access to courts than Marciano.  By operation of law, a trustee is always substituted into pending litigation by or against the estate upon his appointment because, as estate representative, he is the real party in interest.  According to Marciano's theory, every debtor since bankruptcy time immemorial has, therefore, been deprived of his constitutional right of access to courts.  This simply is not the law.

Furthermore, with respect to the State Court Appeals, the Trustee has a fiduciary duty to all creditors and to Marciano in this case, not just the judgment

creditors, and he will act accordingly.  Any settlement, dismissal or other disposition of the State Court Appeals other than on the merits will require approval of the Bankruptcy Court, on notice to creditors and Marciano who may be heard in opposition to any potential disposition and his rights will be protected in connection with those proceedings.[6]  Finally, if Marciano believes that the Trustee has committed malfeasance in the performance of his duties, he can bring a motion under Bankruptcy Code section 324 to have him removed.  *See* 11 U.S.C. § 324(a)("The court, after notice and a hearing, may remove a trustee ... for cause."); *Spirtos v. One San Bernardino County Superior Court*, 443 F.3d 1172, 1176 (9th Cir. 2006).

## VII.   <u>CONCLUSION</u>

For all the reasons set forth above, the Court should affirm the Bankruptcy Court Order.

Dated:        February 7, 2012            PACHULSKI STANG ZIEHL & JONES LLP


                                          By:    */s/ Jeremy V. Richards*
                                                 Jeremy V. Richards (CA Bar No. 102300)
                                                 Attorneys for David Gottlieb, Chapter 11 Trustee for Georges Marciano

---

[6] Federal Rule of Bankruptcy Procedure 9019 provides, "On motion by the trustee after notice and a hearing, the court may approve a compromise or settlement."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES        )

I, Megan Wilson, am employed in the city and county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California  90067-4003.

On February 7, 2012, I caused to be served the **BRIEF OF APPELLEE DAVID K. GOTTLIEB, CHAPTER 11 TRUSTEE** on the following recipients in the manner indicated below:

- **Peter Alan Davidson**
  pdavidson@ecjlaw.com

- **Daniel J McCarthy**
  dmccarthy@hillfarrer.com,hpark@hillfarrer.com,docket@hillfarrer.com

- **Michael E Reznick**
  Reznagoura@aol.com

- **Jeremy V Richards**
  jrichards@pszjlaw.com

☐ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY EMAIL) I caused to be served the above-described document by email to the parties indicated above at the indicated email addresses.

☑ (BY NOTICE OF ELECTRONIC FILING) I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on February 7, 2012 at Los Angeles, California.

*/s/ Megan Wilson*
Megan Wilson

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA