# TAB 6

000078

Jeremy V. Richards (CA Bar No. 102300)
James K.T. Hunter (CA Bar No. 73369)
Jonathan J. Kim (CA Bar No. 180761)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:    jrichards@pszjlaw.com
           jhunter@pszjlaw.com
           jkim@pszjlaw.com

Attorneys for David Gottlieb, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>GEORGES MARCIANO,<br><br>                    Debtor. | Case No.: 11-10426 VK<br><br>Chapter 11<br><br>**TRUSTEE'S MOTION FOR PRODUCTION OF DOCUMENTS BY GUMBINER SAVETT INC. PURSUANT TO FED. R. BANKR. P. 2004 AND LBR 2004-1; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JONATHAN J. KIM**<br><br>[FED. R. BANKR. P. 2004 AND L.B.R. 2004-1]<br><br>[PER L.B.R. 2004-1, AN ORDER FOR EXAMINATION MAY BE GRANTED WITHOUT HEARING, UNLESS OTHERWISE ORDERED BY THE COURT] |

TO: THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, COUNSEL TO THE DEBTOR, GUMBINER SAVETT INC., AND OTHER INTERESTED PARTIES:

David K. Gottlieb, the duly appointed chapter 11 trustee (the "Trustee") in the above-captioned case of Georges Marciano (the "Debtor"), hereby moves for an Order directing

Gumbiner Savett Inc. ("GS"), the Debtor's former or current accountant, to produce the documents listed in Exhibit "1" attached hereto, pursuant to Fed. R. Bankr. P. 2004.

In connection with and in furtherance of his duties and powers as the Chapter 11 trustee, the Trustee seeks an order of the Court directing GS to produce any and all documents described in Exhibit "1" (the "Requested Documents"), which relate to the Debtor's financial affairs. In support of his Motion, the Trustee states as follows:

On October 27, 2009 (the "Petition Date"), Steven Chapnick, Joseph Fahs and Elizabeth Tagle, (the "Petitioning Creditors") filed an involuntary petition for relief under chapter 11 of the Bankruptcy Code. The Court entered its Order for Relief on December 28, 2010.

On March 1, 2011, Creditors Gary and Theresa Iskowitz, Carolyn Malkus, Miram Choi and Camille Abat, through their respective counsel of record, filed a *Motion for Appointment of Chapter 11 Trustee* [Docket No. 213].

On March 3, 2011, the United States Trustee filed *United States Trustee's Request/Joinder for Appointment of a Chapter 11 Trustee Pursuant to § 1104(E)* [Docket No. 217].

On March 4, 2011, the Petitioning Creditors, through their respective counsel of record, filed *Petitioning Creditor' Joinder in Motion for Appointment to Appoint Chapter 11 Trustee and Additional Memorandum of Points and Authorities in Support Thereof; Declaration of Bradley E. Brook and Proof of Service* [Docket No. 219].

On March 7, 2011, the Court entered its *Order Directing Appointment of Chapter 11 Trustee* [Docket No. 221].

On March 10, 2011, the Office of the United States Trustee filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 225], seeking an order approving the appointment of David Gottlieb as the Chapter 11 trustee in the above referenced case.

On March 11, 2011, this Court entered its *Order Approving Application for the Appointment of Chapter 11 Trustee* [Docket No. 226].

As of the filing of this Motion, the Debtor has failed to file his Schedules of Assets and Liabilities and Statement of Financial Affairs. Further, the Debtor has failed to turn over documents and information relating to the Debtor's financial condition and affairs, previously requested by the

1 | Trustee's counsel.

2 | The Trustee is informed and believes that GS began serving as the Debtor's tax accountant in
3 | relation to the Debtor's business entities no later than early 2006, and it began providing personal
4 | accounting services to the Debtor in or about early 2006. The Trustee is informed that Mr. Rodney
5 | Fingleson ("Fingleson") was the primary accountant at GS, who provided accounting services to the
6 | Debtor. The Trustee requests that GS produce the Debtor's tax returns and all other documents
7 | listed in Exhibit "1", attached hereto and incorporated herein, which documents are within the scope
8 | of examination authorized by Fed. R. Bankr. P. 2004(b). It is necessary that the Trustee obtain the
9 | foregoing documentation in order to determine and assess the assets and liabilities of the Debtor and
10 | his financial condition and affairs.

11 | As set forth in the attached Declaration of Jonathan Kim (the "Declaration"), on May 16,
12 | 2011, the Trustee's counsel requested Fingleson by telephone to voluntarily produce the Requested
13 | Documents, and further discussed the potential date, place, and scope of production; Fingleson
14 | responded that a court order should be obtained and that he understood the Trustee would be filing
15 | the Motion.

16 | The Trustee requests GS to produce the requested documents at the offices of the Trustee's
17 | counsel, Pachulski Stang Ziehl & Jones LLC ("PSZJ"), located at 10100 Santa Monica Blvd., Suite
18 | 1100, Los Angeles, California 90071, on or before June 8, 2011 at 5:00 p.m. The Trustee reserves
19 | the right to further seek to conduct a deposition of GS pursuant to Fed. R. Bankr. P. 2004. Pursuant
20 | to Fed. R. Bankr. P. 2004(c), the Trustee requests authority to compel GS to produce the documents
21 | as set forth in Exhibit "1", on the terms and conditions set forth in said exhibit. This examination
22 | cannot proceed under Rules 7030 or 9014 of the Federal Rules of Bankruptcy Procedure because the
23 | Trustee's need for the Requested Documents does not arise in connection with any pending
24 | adversary proceeding or contested matter.

25 | The Trustee is informed and believes and based thereon states that GS's address is at
26 | Gumbiner Savett Inc., 1723 Cloverfield Blvd., Santa Monica, California 90404.

27 | This Motion is based on the attached Memorandum and Points and Authorities and the
28 | Declaration of Jonathan Kim attached hereto.

1  **WHEREFORE**, the Trustee respectfully requests that the Court enter an Order:

2  1.  Directing GS to produce, at the law office of PSZJ, by June 8, 2011 by 5:00 p.m.,

3  all documents as described in Exhibit "1" attached hereto; and

4  2.  Authorizing the issuance of a subpoena of GS and/or Fingleson in connection with

5  the foregoing.

6

7  Dated: May 18, 2011                    PACHULSKI STANG ZIEHL & JONES LLP

8

9                                          By:  /s/ Jeremy V. Richards
                                                Jeremy V. Richards
10                                              James K.T. Hunter
                                                Jonathan J. Kim
11                                              Attorneys for Trustee, David K. Gottlieb

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. RELIEF REQUESTED

The Trustee seeks an Order requiring the Debtor's (former or current) tax accountant, GS, to produce those documents listed in Exhibit "1" attached hereto that are in the possession or under the control of GS, as permitted under Fed. R. Bankr. P. 2004.

As discussed above, the Debtor has failed to file his Schedules of Assets and Liabilities and Statement of Financial Affairs, and turn over documents and information relating to the Debtor's financial condition and affairs requested by the Trustee's counsel.

The Trustee is informed and believes that GS began serving as the Debtor's tax accountant in relation to the Debtor's business entities no later than early 2006, and it began providing personal accounting services to the Debtor in or about early 2006. It is necessary that the Trustee obtain the Requested Documents in order to determine and assess the assets and liabilities of the Debtor and his financial condition and affairs and to administer the Debtor's estate.

## B. THE MOTION SHOULD BE GRANTED

The purpose of an examination under Fed. R. Bankr. P. 2004 is to gain a "clear picture of the condition and whereabouts of the bankrupt estate." Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville), 42 B. R. 362, 364 (S.D.N.Y. 1984). Courts have uniformly recognized that the scope of a 2004 examination is "unfettered and broad." In re Table Atalk, Inc., 51 B.R. 143, 145 (Bankr. D. Mass. 1985). An examination pursuant to Rule 2004 may therefore "cut a broad swath through the Debtor's affairs." Johns-Manville Corp., 42 B.R. at 364.

The Trustee, in furtherance of his duties and powers as chapter 11 trustee, seeks the production of the Requested Documents that are relevant to the Debtor's financial condition and affairs. Accordingly, the Trustee requests that the Motion be granted.

Dated: May 18, 2011            PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ Jeremy V. Richards
Jeremy V. Richards
James K.T. Hunter
Jonathan J. Kim
Attorneys for Trustee, David K. Gottlieb

# DECLARATION OF JONATHAN J. KIM

I, Jonathan J. Kim, declare and state:

1. I am an attorney licensed to practice law in all the courts in the state of California and in this federal court. I am a member of the firm, Pachulski Stang Ziehl & Jones LLP, counsel to the Court-appointed Trustee, David K. Gottlieb, in the Chapter 11 case entitled In re Georges Marciano. If called upon, I can and will competently testify to the facts stated herein from my own personal knowledge, or from a review of the files regularly maintained by the personnel of my law firm. All capitalized terms not defined herein have the meaning ascribed to them in the *Trustee's Motion for Production of Documents by Gumbiner Savett Inc. Pursuant to Fed. R. Bankr. P. 2004 and LBR 2004-1* (the "Motion").

2. Based on my review of the *Declaration of Georges Marciano* dated March 3, 2011 filed in the Debtor's bankruptcy case [Docket No. 218], documents and information obtained by the Trustee, including information provided by certain of the Debtor's creditors, and my May 16, 2011 discussion with Mr. Fingleson described below, it appears that GS previously provided services to the Debtor and his affiliated entities.

3. On May 16, 2011, on behalf of the Trustee, I requested, by telephone, Mr. Rodney Fingleson of GS to voluntarily produce the Requested Documents, and further discussed the potential date, place, and scope of production; Fingleson responded that a court order should be obtained and that he understood the Trustee would be filing the Motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of May 2011 at Los Angeles, California.

_____
Jonathan J. Kim

# EXHIBIT 1

<h1 style="text-align:center">Exhibit "1"</h1>

**A.   DEFINITIONS FOR ALL REQUESTS**

1. "Affiliate" means (i) the Georges Marciano Trust; (ii) 1000 Crescent LLC; (iii) 631 Mountain LLC; (iv) 9521 Sunset LLC; (v) Lasky Properties, Inc.; (vi) the Georges Marciano Trust LTA David Silver; (vii) Georges Marciano Holdings, Inc.; (viii) any "affiliate" of the Debtor as defined in 11 U.S.C. § 101(2); and (ix) any entity that is or was directly or indirectly through one or more intermediaries controlled by the Debtor and/or any Affiliate of the Debtor.

2. "Debtor" means the above-captioned Chapter 11 debtor, Georges Marciano.

3. "Document" or "Documents" mean any kind of written, typewritten, printed, recorded, computer produced or graphic material, however produced or reproduced, including without limitation, agreements, affidavits, statements, applications, brochures, drawings, graphs, photographs, microfilms, notes, summaries, memoranda, letters, telegrams, mailgrams, calendars, appointment books, newspaper or periodical articles and/or advertisements, pamphlets, reports, bulletins, prospectuses, summaries or recordings of telephone or other conversations, summaries or recordings of personal conversations, statements, enclosures, diaries, notebooks, minutes, summaries and/or reports of negotiations or investigations, analyses, projects, books, ledger sheets, accounts, journals, checks, receipts, publications, contracts, records, tapes, e-mail or electronic mail (whether in hard copy form or as stored on disk or computer hard drive), transcripts of records, video or audio recordings, computer tapes or disks, computer printouts and business records and further includes without limitation originals, copies, drafts and/or any other writings or magnetic media such as tape or computer disk.

4. "GS", "you" or "your" means Gumbiner Savett Inc., its employees and agents, and any persons or entities acting or purporting to act on its behalf, including, without limitation, Mr. Rodney Fingleson.

5. "Insider" means any "insider" of the Debtor as defined in 11 U.S.C. § 101(31).

6. "Petition Date" means October 27, 2009.

7. "Relating," "Relate," "Relate To," or "Which Relate To" or "Pertaining," "Pertain," or "Which Pertain To" mean constitute, refer to, contain, embody, evidence, reflect, support,

1 | contradict, refute, identify, state, deal with, bear upon, or are in any way logically or factually connected with any matter described.

8. "Subject Entity" means any and all corporations, limited liability companies, trusts or other entities in respect to which GS assisted, consulted with or advised the Debtor or any Affiliate during the Subject Period.

9. "Subject Period" is as defined in Section B below.

**B.  RELEVANT TIME PERIOD**

Unless otherwise stated, each document request seeks the production of Documents prepared or generated during, or Relating to, any part of the time period of January 1, 2005 through to the date of the production of the Documents requested herein (the "Subject Period").

**C.  INTERPRETATION OF DOCUMENT REQUESTS**

1. The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

2. The masculine gender of any word shall be construed to include the masculine, feminine, and neuter gender.

3. <u>Possession, Custody or Control</u>. You are requested and required to produce all responsive documents within your possession, custody or control. A Document is deemed to be in your possession, custody or control, (1) if it is in your physical custody, or (2) if it is in the physical custody of any other person and you (a) own such Document in whole or in part; (b) has a right by contract, statute or otherwise to sue, inspect, examine or copy such Document on any terms; (c) has an understanding, express or implied, that you may use, inspect, examine or copy such Document on any terms; or (d) has, as a practical matter, been able to use, inspect, examine or copy such Document when you have sought to do so. Such Documents shall include, without limitation, Documents that are in the custody of GS and GS's employees, attorneys, advisors, or other agents.

4. <u>Manner of Production</u>. The documents to be produced shall be organized, and labeled to correspond with the categories below, where they shall be produced as they are kept in your usual course of business.

5. <u>Claim of Privilege</u>. If you object to producing any document on the basis of a privilege, you are required to submit a list identifying each such document (by form, title, date authors, recipients, and general subject matter) and state the nature of any and all privileges claimed as to each such document. Sufficient detail to explain the basis for your claim of privilege and to allow the Court, if necessary, to determine the merits of your claim is required.

6. <u>Language Construction</u>. You are directed to construe independently each request below, and not to limit the scope of any request by reference to another request.

7. <u>Electronically Stored Documents</u>. If you withhold any document required to be produced by this Request because it is stored electronically, on tape and/or on a computer system, please describe the document, state where it is stored or maintained, and produce a hard copy of the document or state why you are unable to do so.

D.  **PRODUCTION OF RESPONSIVE DOCUMENTS**

You shall produce the following documents:

**REQUEST FOR PRODUCTION NO. 1:**

All of the Debtor's state and federal tax returns for the tax years 2005 through 2010, including any amendments, requests for extensions, and any and all supporting workpapers (including, without limitation, all depreciation schedules).

**REQUEST FOR PRODUCTION NO. 2:**

All of the state and federal tax returns for any and all Affiliates, Insiders and Subject Entities for the tax years 2005 through 2010, including any amendments, requests for extensions, and any and all supporting workpapers (including, without limitation, all depreciation schedules).

**REQUEST FOR PRODUCTION NO. 3:**

Copies of any and all insurance policies (including any amendments, attachments and riders thereto) relating to the Debtor and/or his property and assets.

**REQUEST FOR PRODUCTION NO. 4:**

Copies of any and all leases (including any amendments and attachments thereto) relating to the Debtor and/or his property and assets.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents listing, identifying, scheduling and/or describing claims against and liabilities of the Debtor, including accounts payable of the Debtor.

**REQUEST FOR PRODUCTION NO. 6:**

All of the state and federal payroll tax returns and reports for the Debtors and any Affiliates, Insiders or Subject Entities for tax years 2005 through 2010.

**REQUEST FOR PRODUCTION NO. 7:**

All of the state sales tax returns and reports for the Debtor and any Affiliates, Insiders or Subject Entities for tax years 2005 through 2010.

**REQUEST FOR PRODUCTION NO. 8:**

All financial statements (verified or unverified) and balance sheets (verified or unverified) of the Debtor for the Subject Period and any and all supporting workpapers.

**REQUEST FOR PRODUCTION NO. 9:**

All cash flow projections of the Debtor for the Subject Period and any and all supporting workpapers.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents listing, identifying and/or scheduling all payments and transfers of monies or other property made by the Debtor during the 90-day period prior to the Petition Date.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents listing, identifying and/or scheduling all payments and transfers of monies or other property made by the Debtor to any Affiliate, Insider or Subject Entity during the one-year period prior to the Petition Date.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents listing, identifying, scheduling and/or inventorying the Debtor's assets and property of the Debtor during the Subject Period.

**REQUEST FOR PRODUCTION NO. 13:**

All appraisals, valuation reports, estimates of value, purchase offers and/or other Documents scheduling, listing or opining on the value of the assets and property of the Debtor

covered by the Documents requested by Request for Production No. 12.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents evidencing or Relating to the purchase, sale, title, ownership, transfer of any real property owned by the Debtor or any Affiliate, Insider or Subject Entity during any of the period October 2008 through the date of the production of the documents requested herein, including, without limitation, any purchase and sale agreements.

**REQUEST FOR PRODUCTION NO. 15:**

All bank records of the Debtor and any Affiliate, Insider or Subject Entity, including all bank statements and copies of cancelled checks, during the Subject Period.

**REQUEST FOR PRODUCTION NO. 16:**

All credit card statements of the Debtor during the Subject Period.

**REQUEST FOR PRODUCTION NO. 17:**

All brokerage account records of the Debtor and any Affiliate, Insider or Subject Entity, including all brokerage statements, during the Subject Period.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS evidencing or Relating to the registration of any cars owned by the Debtor during any of the period October 2008 through the date of the production of the documents requested herein.

**REQUEST FOR PRODUCTION NO. 19:**

Copies of all invoices paid by the Debtor during or Pertaining to the Subject Period.

**REQUEST FOR PRODUCTION NO. 20:**

All real and/or personal property tax statements of the Debtor during or Pertaining to the Subject Period.

**REQUEST FOR PRODUCTION NO. 21:**

All general ledgers and cash receipts and disbursements journals of the Debtor during or Pertaining to the Subject Period.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents that Relate to, refer to or evidence any transactions between the Debtor and

any Affiliate, Insider or Subject Entity, including, without limitation, any payments, loans and asset or property transfers, during the Subject Period.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents not otherwise covered by any of the preceding Requests for Production that Pertain to the Debtor's finances which were at any time prepared by you during and/or which Pertain to the Subject Period.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all other books and records of the Debtor and/or any Affiliate, Insider or Subject Entity not otherwise covered by the preceding Requests for Production, during or Relating to the Subject Period.

| In re:<br>GEORGES MARCIANO | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 11-10426 VK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10100 Santa Monica Blvd., #1100, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as ***TRUSTEE'S MOTION FOR PRODUCTION OF DOCUMENTS BY GUMBINER SAVETT INC. PURSUANT TO FED.R.BANKR.P. 2004 AND LBR 2004-1; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JONATHAN J. KIM*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***May 18, 2011,*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On ***May 18, 2011,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**By Overnight Mail**
Honorable Victoria S. Kaufman
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 354
Woodland Hills, CA 91367

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***May 18, 2011,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 18, 2011 | Gini L. Downing | /s/ Gini L. Downing |
|---|---|---|
| Date | Type Name: | Signature |

32270-001\DOCS_LA:238290.1

000092

| In re:<br>**GEORGES MARCIANO**<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER: 11-10426 VK |
|---|---|

## ADDITIONAL SERVICE INFORMATION (if needed):

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**

- Bradley E Brook    bbrook@bbrooklaw.com, jimmy@bbrooklaw.com;brookecfmail@gmail.com
- Peter A Davidson    pdavidson@ecjlaw.com
- David Keith Gottlieb (TR)    dkgtrustee@crowehorwath.com, dgottlieb@ecf.epiqsystems.com
- Dare Law    dare.law@usdoj.gov
- Daniel J McCarthy    dmccarthy@hillfarrer.com
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com
- S Margaux Ross    margaux.ross@usdoj.gov
- Anthony J Rothman    anthony@arothmanlaw.com
- Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com
- Richard Seegman    rseegman@wolfgroupla.com, kmanning@wolfgroupla.com;ltarring@wolfgroupla.com
- Ramesh Singh    claims@recoverycorp.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Hatty K Yip    hatty.yip@usdoj.gov

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**

*Via U.S. Mail:*

Alain V Bonavida
433 N Camden Dr
6th Floor
Beverly Hills, CA 90210

Georges Marciano
1000 N Crescent Drive
Beverly Hills, CA 90210

Georges Marciano
c/o L'Hotel Montreal
262 Saint Jacques Rue
Montreal, QC H2Y 1N1
CANADA

Michael E Reznick
Law Offices of Michael E Reznick
283 Ocho Rios Wy
Agoura, CA 91377-5540

*Agent for Service of Process for:*
*Georges Marciano, 1000 Crescent LLC,*
*631 Mountain LLC, 9521 Sunset LLC,*
*Lasky Properties, Inc., Georges Marciano*
*Holdings, Inc. and Beverly Wilshire*
*Properties, Inc:*
Carlos Lopez
73373 Country Club Drive, Apt. 2706
Palm Desert, CA  90210

David Silver, M.D.
8641 Wilshire Blvd. Suite 301
Beverly Hills, CA  90211

Gumbiner Savett Inc.
Attn:  Rodney Fingleson/Ronald Green
1723 Cloverfield Blvd.
Santa Monica, CA  90404