Court of Appeals Case No. 11-60070
BAP Case No. CC-11-1008
Bankruptcy Court Case No. 1:11-bk-10426-VK
[Former Bankruptcy Court Case No. 2:09-bk-39630-VK]

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH DISTRICT

In re GEORGES MARCIANO,
*Debtor*

GEORGES MARCIANO,
*Appellant/Debtor,*

v.

JOSEPH FAHS, STEVEN CHAPNICK and ELIZABETH TAGLE,
*Appellees/Petitioning Creditors.*

# CHAPTER 11 TRUSTEE'S EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR (1) LEAVE TO INTERVENE IN APPEAL AND (2) ORDER DENYING DEBTOR STANDING TO FURTHER PROSECUTE APPEAL

Jeremy V. Richards (CA Bar No. 102300)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jrichards@pszjlaw.com

Attorneys For David K. Gottlieb, Chapter 11 Trustee

EXHIBIT 1

04

# CIRCUIT RULE 27-3 CERTIFICATE

The undersigned counsel for Chapter 11 Trustee, David K. Gottlieb hereby certifies as follows:

1. The attorneys for the parties are as follows:

| **Parties to appeal** | **Attorneys for Parties** |
|---|---|
| Georges Marciano, debtor and appellant | Daniel J. McCarthy<br>Hill, Farrer & Burrill, LLP<br>300 South Grand Ave., 37th Floor<br>Los Angeles, CA  90071<br>Tel.: (213) 621-0802<br>Fax: (213) 624-4840<br>email: dmccarthy@hillfarrer.com<br><br>Sandford L. Frey (Special Counsel)<br>Creim, Macias, Koening & Frey, LLP<br>633 West 5th Street, 51st Fl.<br>Los Angeles, CA  90071<br>Tel.: (213) 614-1944<br>Fax: (213) 614-1961<br>email: sfrey@cmkllp.com |
| Steven Chapnick, Joseph Fahs and Elizabeth Tagle, petitioning creditors and appellees | Bradley E. Brook<br>Law Offices of Bradley E. Brook<br>11500 W. Olympic Blvd., Suite 400<br>Los Angeles, CA  90064<br>Tel.: (310) 839-2004<br>Fax: (310) 945-0022<br>email: bbrook@bbrooklaw.com |
| David K. Gottlieb, Chapter 11 Trustee and intervenor | Jeremy V. Richards<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA  90067-4100<br>Tel.: (310) 277-6910<br>Fax: (310) 201-0760<br>email: jrichards@pszjlaw.com |

05

2.    As more fully described in the attached Emergency Motion Under Circuit Rule 27-3 For (1) Leave to Intervene In Appeal and (2) Order Denying Debtor Standing to Further Prosecute Appeal, this Court of Appeals recently denied moving party David K. Gottlieb, Chapter 11 Trustee (the "Trustee") the right to appear in this appeal without first seeking permission to intervene. This Emergency Motion is prompted by that ruling and is brought on an emergency basis based upon the following:

- This appeal was initiated prior to the Trustee's appointment. Its subject matter goes to the very core of the underlying bankruptcy – the bankruptcy court's entry of an order for relief on December 28, 2010.

- Because of the appointment of the Trustee, all of the rights to prosecute this appeal are now vested in the Trustee. However, when the Trustee attempted to file a brief and be heard on the questions posed by an emergency motion filed on February 10, 2012, this Court struck the Trustee's pleadings and instructed him to seek permission to intervene by motion if the Trustee wished to be heard.

- The Debtor has already filed an opening brief and any responding appellee's brief will be due on March 14, 2012. The Trustee believes he stands in the shoes of the appellant and has no obligation to respond on the upcoming deadline, but the Trustee's status is currently unclear as a result of the Court's recent ruling on the emergency stay motion.

- Further, the actions of the Debtor (who lacks standing to participate here) are needlessly increasing the costs and complexity of the underlying chapter 11 case to the detriment of interested stakeholders.

The circumstances created by these events, as well as others discussed below, make it clear that if the Trustee is not allowed to participate in the pending appeal (and the Debtor is not denied standing to further prosecute the appeal), the Debtor's bankruptcy estate will be harmed.

3.    The Procedural Motions Department of the Court of Appeals was contacted on March 2, 2012, to inform it of this Emergency Motion. On the afternoon of March 2, 2012, at 4:30 p.m., the undersigned, Jeremy V. Richards,

06

directed an attorney in his office, John Fiero, to call each counsel of record for the appellant to inform them that the Trustee would be filing the emergency motion for leave to intervene and deny the debtor standing.  Mr. Fiero left a voice mail message for attorney Sandford Frey and spoke directly with attorney Daniel McCarthy. Counsel for the appellees were already aware of the Trustee's intention to file this motion.

4.      All counsel were served with the emergency motion, the exhibits, and the supporting declarations through the Court's notice of electronic filing system, and also by direct email sent by the law office of the undersigned.

Date:  March 5, 2012                     PACHUSKI STANG ZIEHL & JONES LLP

/s/ Jeremy V. Richards
Jeremy V. Richards (CA Bar No. 102300)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email:   jrichards@pszjlaw.com

Attorneys For David K. Gottlieb,
Chapter 11 Trustee

07

# TABLE OF CONTENT

Page

CIRCUIT RULE 27-3 CERTIFICATE ................................................................ 2

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS ............................................................................. 1

    A.    Procedural History ................................................................ 1

    B.    The Emergency Motion Briefing ......................................... 2

    C.    Pending Deadlines ............................................................... 3

    D.    The Debtor Has No Equity In the Bankruptcy Estate........... 3

III. ARGUMENT ................................................................................................ 4

    A.    The Court Should Allow the Trustee to Intervene in the Appeal ......................... 4

        1.    The Trustee Can Intervene As A Matter of Right...................... 5

            a.    The Trustee's Motion is Timely ............................. 5

            b.    The Trustee Has a Protectable Interest .................. 6

            c.    The Estate's Interests May Be Impaired By Disposition Of The Appeal. ........................ 7

            d.    The Trustee's Interests May Not Be Adequately Protected........... 8

        2.    The Trustee Meets The Requirements For Permissive Intervention. ........ 9

    B.    The Trustee Is The Proper Appellant................................... 9

    C.    By His Own Admission, The Debtor Is Insolvent And Cannot Be A "Party Aggrieved" With A Right To Appeal ................................ 13

IV. CONCLUSION............................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alaska v. Suburban Propane Gas Corp.,*
123 F.3d 1317 (9th Cir. 1997) ................................................................................. 4, 6

*Alstrin v. St. Paul Mercury Ins. Co.,*
179 F. Supp. 2d 376 (D. Del. 2002) ............................................................................ 7

*Biltmore Assoc. v. Twin City Fire Ins.,*
572 F.3d 663 (9th Cir. 2009) ...................................................................................... 9

*C.W. Mining v. Aquila, Inc. (In re C.W. Mining Co.,*
636 F.3d 1257 (10th Cir. 2011) ................................................................................ 10

*Californians for Safe Dump Truck Transp. v. Mendonca,*
152 F.3d 1184 (9th Cir. 1998) .................................................................................... 5

*CEP Emery Tech Investors LLC v. JP Morgan Chase Bank,*
2010 WL 1460263 (N.D. Cal. April 12, 2010) ........................................................... 6

*Commodity Futures Trading Commission v. Weintraub,*
471 U.S. 343 (1985) ................................................................................................. 11

*Donnelly v. Glickman,*
159 F.3d 405 (9th Cir. 1998) ...................................................................................... 5

*Forest Conservation Counsel v. United States Forest Service,*
66 F.3d 1489 (9th Cir. 1995) ...................................................................................... 5

*In re Fondiller,*
707 F. 2d 441 (9th Cir. 1983) ................................................................................... 13

*In re Innovative Communication Corp.,*
2008 WL 5423996 (D.V.I. Dec. 24, 2008) ............................................................... 10

*International Union v. Scofield,*
382 U.S. 205 (1965) .................................................................................................... 4

*Kranzdorf v. Alter (In re Fidelity America Fin. Corp.),*
63 B.R. 995 (Bankr. E.D. Pa. 1986) ........................................................................... 9

*Landreth Timber Co. v. Landreth,*
731 F.2d 1348 (9th Cir. 1984), *rev'd on the merits,* 469 U.S. 1016 (1984) ................. 4

*Marciano vs. Fahs (In re Marciano),*
459 B.R. 27 (BAP 9th Cir. 2011) ................................................................................ 2

*Martin v. Monumental Life Ins. Co.,*
240 F.3d 223 (3d Cir. 2001) ........................................................................................ 6

*McDonald v. E.J. Lavino Co.,*
430 F.2d 1065 (5th Cir. 1970) ..................................................................................... 5

09

*Moneymaker v. CoBen (In re Eisen),*
   31 F.3d 1447 (9th Cir. 1994) .......................................................................................... 7

*Officers for Justice v. Civil Service Commission of San Francisco,*
   934 F.2d 1092 (9th Cir. 1991) ........................................................................................ 5

*Rooney v. Thorson (In re Dawnwood Properties/78),*
   209 F.3d 114 (2d Cir. 2000) .......................................................................................... 10

*South Edge, LLC v. JP Morgan Chase Bank (In re South Edge, LLC),*
   2011 WL 1626567 (D. Nev. April 28, 2011).................................................................. 9

*Southern California Edison Co. v. Lynch,*
   307 F.3d 794 (9th Cir. 2002) .......................................................................................... 9

*Southwest Center for Biological Diversity v. Berg,*
   268 F.3d 810 (9th Cir. 2001) .......................................................................................... 5

*United States ex rel. Killingsworth v. Northrop Corp.,*
   25 F.3d 715 (9th Cir. 1994) ............................................................................................ 4

*United States v. Washington,*
   86 F.3d 1499 (9th Cir. 1996) .......................................................................................... 5

*Wander Telecommunications v. Finova Capital Corp. (In re Wander Telecommunications),*
   2000 WL 1281178 (N.D. Cal. Sept. 8, 2000) ................................................................ 7

*Warrant v. Comm'r,*
   302 F.3d 1012 (9th Cir. 2002) ........................................................................................ 4

*Washington,*
   86 F.3d 1503 ................................................................................................................... 7

*Weston v. Mann (In re Weston),*
   18 F.3d 860 (10th Cir. 1994) ........................................................................................ 13

## STATUTES

11 U.S.C. § 541(a) ................................................................................................................. 6

## RULES

Fed. R. Civ. P. 24...........................................................................................................passim

# I.

## INTRODUCTION

Because the genesis of this appeal predates the involvement of the chapter 11 trustee, the identities of the parties are confused. For instance, moving party David K. Gottlieb (the "Trustee") is the chapter 11 trustee for Georges Marciano's (the "Debtor") bankruptcy estate. As such, he has full legal authority to act in any matter related to the bankruptcy. Yet, when the Trustee tried to file a brief opposing an earlier emergency stay motion filed in the context of this appeal, his efforts were rebuffed when this Court struck the estate's prior pleadings.

The law is clear. Whatever rights Georges Marciano had in connection with this appeal are now property of his bankruptcy estate. As such, the only party that can appear and be heard is the Trustee. In other words, the Debtor lacks standing to prosecute this appeal. As a result, the Trustee seeks two forms of relief in this emergency motion: (1) a recognition from the Court that the Trustee can intervene and participate in the appeal and (2) an order from the Court that the Trustee is now the appellant, and that the Debtor no longer has standing herein.[1]

# II.

## STATEMENT OF FACTS

### A.    Procedural History

On October 27, 2009, three judgment creditors filed an involuntary petition against Marciano under chapter 11 of the United States Bankruptcy Code. After protracted litigation, the bankruptcy court entered an order for relief on December 28,

---

[1]  The Trustee does not by this motion seek to dismiss or otherwise terminate this appeal. Instead, this motion is simply an attempt to gain control over estate property (the right to appeal itself and the estate's position as appellant) and make sure that it is administered by an independent fiduciary with the estate's best interests in mind. The Trustee expects that, once control of the appeal has been recognized, he will advance only those positions with a reasonable basis in fact and law.

2010.[2]  The Debtor appealed the entry of the order for relief to the Ninth Circuit Bankruptcy Appellate Panel.

On March 7, 2011, as a result of the Debtor's continued refusal to file his schedules and statements or perform other activities required by the Bankruptcy Code, the bankruptcy court ordered that a trustee be appointed.  David K.  Gottlieb was appointed as Trustee by order entered on March 11, 2011.

The Bankruptcy Appellate Panel affirmed the Bankruptcy Court's decision entering an order for relief on September 15, 2011.[3]  *Marciano vs. Fahs (In re Marciano)*, 459 B.R. 27 (BAP 9th Cir. 2011).  The Debtor then appealed again to this Court on or about October 18, 2011 – thus giving rise to the instant case. [Docket No. 1]

The Debtor filed an opening brief on February 14, 2012. [Docket No. 17]. Any appellee briefs are due on March 14, 2012.

## B.    The Emergency Motion Briefing

On February 10, 2012, the Debtor filed an *Emergency Motion Under Circuit Rule 27-3 for Temporary Stay Pending Appeal* (the "Emergency Motion"). [Docket No. 13].  Because the Debtor's Emergency Motion threatened to derail the entire bankruptcy case, the Trustee filed *Chapter 11 Trustee's Opposition to Emergency Motion Under Circuit Rule 27-3 for Temporary Stay Pending Appeal* (the "Trustee's Opposition") on February 15, 2012. [Docket Nos. 22-23].  This Court ruled on the Emergency Motion on February 16, 2012, by entry of an *Order,* that stated, in part:

> Appellant's February 15, 2012 reply in support of the emergency motion to stay is construed in part as a motion to strike Chapter 11 Trustee's February 15, 2012 opposition to the emergency stay motion. So construed, the motion to

---

[2]  The order for relief issued under 11 U.S.C. § 303(h) is the foundation of a debtor's bankruptcy case.  It is what starts the case in earnest and triggers many of the regular obligations of a debtor in bankruptcy, such as filing schedules of assets and liabilities and a statement of financial affairs under 11 U.S.C. §521, among other obligations.

[3]  The BAP's decision is attached to the *Request for Judicial Notice* filed and served herewith as Exhibit 1.

strike is granted.  Chapter 11 Trustee's February 15, 2012
opposition is stricken.  Should the Chapter 11 Trustee wish
to participate in this appeal, he shall file the appropriate
request and moving papers with this court. . . . The briefing
schedule established previously shall remain in effect.
[Docket No. 28].

Thus, the Trustee finds the bankruptcy estate without a role or even a voice in the
instant appeal.  This is contrary to the dictates of the Bankruptcy Code and the case
law – which give a chapter 11 trustee the central role in any appeal by the debtor.

**C.     Pending Deadlines**

Because the briefing schedule previously established remains in effect, any
appellee brief is due on March 14, 2012.  While the Trustee believes the proper
alignment of his position is in the place of the Debtor as apellant (who lacks standing
to appeal, as discussed below), in the event this Court disagrees, it is still imperative
that the Trustee be allowed to intervene.  Accordingly, this matter is an emergency
and properly filed with the Court under Circuit Rule 27-3.

**D.     The Debtor Has No Equity in the Bankruptcy Estate**

The Bankruptcy Court has already considered the question of the extent of the
Debtor's pecuniary interest in his bankruptcy estate.  In particular, in its February 10,
2012 *Findings Of Fact And Conclusions Of Law In Support Of Order Denying
Motion To Remove The Chapter 11 Trustee David Gottlieb; To Disqualify Pachulski
Stang Ziehl & Jones LLP And Blake, Cassels & Graydon, LLP as Counsel For The
Chapter 11 Trustee David Gottlieb; and To Disqualify The Law Offices Of Bradley E.
Brook and Blake, Cassels & Graydon, LLP As Counsel For Petitioning Creditors
Joseph Fahs, Steven Chapnick And Elizabeth Tagle*, the bankruptcy court made the
following finding of fact:

Based upon the schedules of assets and liabilities and the
statements of financial affairs filed by the Debtor herein,

> and based upon the proofs of claim and other claims asserted against the Estate (including, without limitation, the claim of the Internal Revenue Service, as to which no objection has been filed), the Court finds that the Debtor's estate (the "Estate") is insolvent, that the Debtor has no standing to object to the Motion, has no pecuniary interest in the Estate and that the Debtor's actions in filing the Motion do not appear to be motivated by a concern for the Estate but, on the contrary, appear to be motivated by interests and objectives that are adverse to the interests of the Estate.

*See Request for Judicial Notice* filed and served herewith, Exhibit 2. In simple terms then, the question of whether or not the Debtor is "in the money" in his bankruptcy case has been considered. He is not, and his ability to pursue this appeal is affected for the reasons discussed below.

## III.

## ARGUMENT

**A.    The Court Should Allow the Trustee to Intervene in the Appeal**

A party may intervene in a pending appeal under Federal Rule of Civil Procedure 24 (a) or (b). *See International Union v. Scofield*, 382 U.S. 205, 217, n.10 (1965). *See also Warrant v. Comm'r*, 302 F.3d 1012 (9th Cir. 2002) (citing *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997) (holding that putative class members could intervene for the purpose of appeal after parties settled claims and district court entered final judgment); *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 719-20 (9th Cir. 1994) (holding that nonparty could intervene on appeal after parties filed stipulation of dismissal in district court)). Intervention on appeal is governed by Rule 24 of the Federal Rules of Civil Procedure. *See Landreth Timber Co. v. Landreth*, 731 F.2d 1348, 1353 (9th Cir. 1984), *rev'd on the merits*, 469 U.S. 1016 (1984). In determining whether

intervention is appropriate, the court is guided "primarily by practical and equitable considerations." *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998).

### 1. The Trustee Can Intervene As A Matter of Right.

A motion to intervene as a matter of right under Rule 24 (a) requires satisfaction of four criteria: (1) the motion must be timely; (2) the proposed intervenor must assert an interest relating to the property or transaction which is the subject of the action; (3) the proposed intervenor must be so situated that without intervention the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the party's interest must be inadequately represented by the other parties. *See Californians for Safe Dump Truck Transp. v. Mendonca,* 152 F.3d 1184, 1889 (9th Cir. 1998) (citing *Forest Conservation Counsel v. United States Forest Service*, 66 F.3d 1489, 1493 (9th Cir. 1995)). Rule 24 (a) should be construed in favor of potential intervenors. *See Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).

### a. The Trustee's Motion is Timely

In determining whether a motion to intervene is timely, the Court should consider: (1) the state of the proceeding at which the applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and the length of the delay. *United States v. Washington,* 86 F.3d 1499, 1503 (9th Cir. 1996). "Delay is measured from the date that its interest would no longer be protected adequately by the parties, not the date [the intervenor] learned of the litigation." *Id.* (citing *Officers for Justice v. Civil Service Commission of San Francisco,* 934 F.2d 1092, 1095 (9th Cir. 1991). "[T]he timely application requirement under Rule 24 was not intended to punish an intervenor for not acting more promptly but rather was designed to insure that the original parties should not be prejudiced by the intervener's failure to apply sooner," *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970) (quoting note, 37 Va. L. Rev. 863, 867 (1951)). Where a motion to intervene for the purposes

of appeal is filed within the time to appeal, it will be considered timely.  *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d at 1317, 1320 (9th Cir. 1997).

Here, the opening brief is on file, but the deadlines have not passed for either the appellees brief or appellant's reply brief.  Additionally, the Trustee has acted promptly after learning that this Court would not consider him able to participate in the absence of a motion to intervene.

### b. The Trustee Has a Protectable Interest

An application filing a timely motion to intervene must also demonstrate that it has a significantly protectable interest in the subject matter of the underlying litigation.  Fed. R. Civ. P. 24 (a).

> An applicant has a "significant protectable interest" in an action if (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims . . . . An applicant satisfies the "relationship" requirement if the resolution of plaintiff's claims will actually affect the applicant.

*CEP Emery Tech Investors LLC v. JP Morgan Chase Bank*, 2010 WL 1460263, at *3-4 (N.D. Cal. April 12, 2010) (quoting *Donnelly*, 159 F. 3d at 409).

There can be no question that the Trustee has a direct interest in the appeal. The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure operate to provide a trustee with complete control over all pending and prospective proceedings on behalf of the debtor.  Section 323 of the Bankruptcy Code provides that a trustee is the representative of the estate and has the capacity to sue and be sued.  Moreover, the right to appeal is considered part of the debtor's estate over which the trustee exercises sole dominion and control.  *Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 232 (3d Cir. 2001); *see also* 11 U.S.C. § 541(a) (defining what comprises the bankruptcy estate).

In the Ninth Circuit, the trustee is the "proper party in interest, and the only party with standing to appeal the bankruptcy court's order." *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994) (noting that Chapter 7 trustee is vested with debtor's causes of action, rendering debtor with no standing to appeal); *Wander Telecommunications v. Finova Capital Corp. (In re Wander Telecommunications)*, 2000 WL 1281178 at *2 (N.D. Cal. Sept. 8, 2000) (applying *Eisen* to a Chapter 11 trustee and noting that no legal authority presented permitted debtors "to stand in the shoes of the trustee vis-a-vis the estate in bankruptcy.").

Similarly, Federal Rue of Bankruptcy Procedure 6009 provides that "with or without court approval, the trustee . . . may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding on behalf of the estate before any tribunal." Fed. R. Bankr. P. 6009 Rule 2012(a) provides that "If a trustee is appointed in a Chapter 11 case . . ., the trustee is substituted automatically for the debtor in possession as a party in any pending action, proceeding or matter." *See Alstrin v. St. Paul Mercury Ins. Co.*, 179 F. Supp. 2d 376, 403 (D. Del. 2002) ("under Bankruptcy Rule 2012(a), once the Estate Representative was appointed, "the debtor-in-possession" ceases to exist and the Estate Representative is deemed automatically substituted for the debtor-in-possession as a party in any pending action, proceeding, or matter," quoting *In re TS Indus.*, 125 BR 639, 641 (Bankr. D. Utah 1991)). Thus it is plain that, not only does the Trustee have an interest in the appeal, the very right to prosecute the appeal belongs to the bankruptcy estate.

### c. The Estate's Interests May Be Impaired By Disposition of the Appeal.

To demonstrate impairment, it is necessary to show only that the disposition of an action may adversely affect the Trustee's rights. *See Washington*, 86 F.3d at 1503. "If an absentee would be substantially affected in a practical sense by the

determination made in an action, he should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24 advisory committee's notes.

Here, the pending appeal is aimed squarely at the bankruptcy court's decision to have a bankruptcy case at all. It was this ruling of the bankruptcy court, when added to the later appointment of the Trustee, that resulted in the Trustee's involvement in this case for the past year.

### d. The Trustee's Interests Cannot Be Adequately Protected.

"Whether an applicant's interests will be adequately represented by an existing party depends on whether (1) the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) the present party is capable and willing to make such arguments; and (3) the party seeking to intervene would offer any necessary elements to the proceedings that other parties would neglect." *CEP Emery Tech Investors LLC*, 2010 WL 1460263, at *3-4. "The burden of showing inadequacy is minimal, meaning that the applicant need only show that representation of its interests by existing parties may be inadequate." *Id.* At this time, despite the fact that the Trustee is the sole and proper representative of the bankruptcy estate, the Debtor is prosecuting this appeal (and many other appeals) as he sees fit. The cost of such efforts (both for the lawyers he is paying and the lawyers the Trustee has been forced to hire) is ultimately being funded by monies that would, or might, otherwise go to creditors. There could be no more clear example of the Trustee's interests not being adequately represented than the facts presented here, where the Debtor is usurping the Trustee's role and his conduct is at odds with the Trustee's efforts on behalf of his bankruptcy estate.

Similarly, it is not a given that the appellees will necessarily present the Trustee's positions as he would as a fiduciary of the bankruptcy estate. As such a fiduciary, the Trustee owes duties to both creditors and equity holders. *See Biltmore*

*Assoc. v. Twin City Fire Ins.*, 572 F.3d 663, 673 (9th Cir. 2009); *South Edge, LLC v. JP Morgan Chase Bank (In re South Edge, LLC)*, 2011 WL 1626567 *3 (D. Nev. April 28, 2011). Thus, the Trustee cannot simply rely on others; he must act upon his own independent judgment, as he might be removed at any time. *See* 11 U.S.C. § 1105 ("At any time before confirmation of a plan, . . . the court may terminate the trustee's appointment and restore the debtor to possession and management of the property of the estate and of the operation of the debtor's business.").

### 2. The Trustee Meets the Requirements for Permissive Intervention.

A motion under Rule 24 (b) requires that: (1) the Trustee file a motion to intervene; (2) the Trustee have a claim or defense that shares a common question of law or fact with the main action; (3) independent grounds for jurisdiction exist; and (4) that intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." *See* Fed. R. Civ. P. 24 (b); *see also Southern California Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002). As required, the Trustee timely filed his motion after learning that this Court would not recognize his position in the litigation without a motion for intervention, the Trustee's claims share a common question of law with the appeal, independent grounds for jurisdiction exist, and the Motion will not result in delay or prejudice.

### B. The Trustee Is The Proper Appellant

As discussed above, "[i]f a trustee is appointed in a chapter 11 case . . . the trustee is substituted automatically for the debtor in possession as a party on any pending action, proceeding, or matter." Fed. R. Bankr. P. 2012(a). Thus, upon his appointment (and despite this Court's prior ruling denying his effort to argue the Debtor's motion to stay), the Trustee was automatically substituted for debtor Georges Marciano for the purposes of all pending and prospective proceedings, including this appeal. *See Kranzdorf v. Alter (In re Fidelity America Fin. Corp.)*, 63 B.R. 995, 998 (Bankr. E.D. Pa. 1986) ("In a chapter 11 corporate reorganization, the

appointment of a trustee divests the management of the debtor of authority to execute its former role as head of the debtor. Whatever power remains reposed in the debtor's president and board of directors, is inferior to that of the bankruptcy trustee. It is through the authority of the trustee that the debtor acts.").

Applying the foregoing legal framework, three different courts analyzing the authority of a displaced debtor to appeal an order granting an involuntary petition after the appointment of a trustee have held that once the trustee is appointed, the trustee alone has the right to pursue the appeal such an order. *In re Innovative Communication Corp.*, 2008 WL 5423996 (D.V.I. Dec. 24, 2008); *C.W. Mining v. Aquila, Inc. (In re C.W. Mining Co.*, 636 F.3d 1257 (10th Cir. 2011); *South Edge, LLC*, 2011 WL 1626567. In *In re Innovative Communication Corp.*, the court, after granting an involuntary petition, entered an order appointing a chapter 11 trustee. Subsequently an attorney—purportedly acting on the authority of the debtor—filed a notice of appeal of that order. The court held that after the appointment of the trustee, the authority to pursue appeals on behalf of the debtor belonged to no one but the trustee. 2008 W.L. 5423996 at *3. It noted that the right to appeal is part of the debtor's estate and because disposition of estate assets is within the purview of trustee, the right to appeal also rests with the trustee. *See also Rooney v. Thorson (In re Dawnwood Properties/78)*, 209 F.3d 114, 115 (2d Cir. 2000) (neither debtor nor principal equity holder in debtor had right to sue on behalf of the estate; only trustee held that right).

The Tenth Circuit recently reached the same conclusion in *C.W. Mining*. In *C.W. Mining*, the chapter 7 trustee filed a motion to dismiss an appeal of an involuntary petition brought by former managers, purportedly on behalf of the debtor. The court noted that the debtor's management had been "completely ousted" when the trustee was appointed, and as such had, they no authority to appeal on its behalf. *636 F.3d at 1262* (citing *Commodity Futures Trading Commission v. Weintraub*, 471

10    **20**

U.S. 343, 352-53 (1985)).  Because the right to litigate vested with the trustee under section 323 of the Code, only the trustee had the right to challenge, on behalf of the corporate debtor, the involuntary petition.  The *C.W. Mining* court based its ruling on its determination that only the trustee had the authority to direct the actions of a corporation.  On the issue of standing, the *C.W. Mining* court, in dicta, left open the possibility that former managers could bring an independent appeal (not in the name of the debtor), but only if they otherwise had standing to do so.  *Id.* at 1265.

Finally, the District Court in Nevada also faced the question in *South Edge*.  In that case (as in this one), an involuntary petition was filed and an order for relief was entered.  Before the chapter 11 trustee was appointed, the debtor appealed the entry of the order for relief.  The South Edge trustee then filed a motion to delay the briefing schedule to permit the trustee time to review the matter and decide whether to pursue the appeal.  The motion was granted and, thereafter, the trustee moved to dismiss the debtor's appeal as well as an additional appeal filed by certain LLC members (called the "Builder Members").  The arguments on the debtor's side were framed by the *South Edge* court as follows:

> South Edge and Builder Members respond that South Edge as Debtor retains an independent right of self defense to appeal an order granting an involuntary bankruptcy petition regardless of the appointment of a trustee.  South Edge and Builder Members also argue there is a difference between the estate, which is controlled by the Trustee, and the debtor out-of-possession, which is not, and the debtor out-of-possession owns the postpetition right to appeal an order granting an involuntary petition. South Edge and Builder Members further contend that allowing the Trustee the sole power to decide whether to appeal the order directing her own appointment is circular and likely unconstitutional because it would insulate an Article I judge's ruling on an involuntary petition from review by an Article III judge, including for some issues which would be subject to de

> novo review. South Edge and Builder Members contend the
> motion to dismiss itself is proper only if the Trustee validly
> was appointed, and that question is the subject of the
> appeal.

2011 WL 1626567 at *2. The *South Edge* court then went on to discuss how *C.W.*
*Mining* is a proper interpretation of the Bankruptcy Code's provisions regarding the
relative roles of debtors and trustees:

> The Ninth Circuit, and other courts, have permitted debtors
> to appeal even where a trustee has been appointed, and thus
> implicitly found the debtor had standing to appeal.
> However, as the *C.W. Mining* Court points out, the question
> is not whether the debtor has standing to challenge an order
> granting relief adjudicating it a bankrupt.  The question is
> who may decide whether to bring that appeal on the
> debtor's behalf.  None of the cases South Edge cites
> involves a situation where the trustee challenged the former
> managers' authority to bring the appeal on the debtor's
> behalf.  The Ninth Circuit has never squarely addressed the
> issue.  The Court concludes that if the Ninth Circuit did
> address the issue, it would follow the reasoning in the Tenth
> Circuit's opinion in *C.W. Mining*.

*Id.* at *5.  The court then went on to address South Edge's argument that the debtor
was being denied the right to challenge the order for relief:

> Permitting only the Trustee to pursue an appeal on South
> Edge's behalf does not deprive South Edge, the entity, of its
> right to appeal. Rather, it merely provides who may decide
> whether to pursue an appeal on South Edge's behalf.
> Although South Edge argues a trustee never will appeal the
> order granting relief, as that will undermine the trustee's
> own appointment in which the trustee has a pecuniary
> interest, such an argument presumes trustees will breach
> their fiduciary duties.  To the extent South Edge has any
> evidence that the Trustee has breached her fiduciary duties
> by failing to pursue an appeal in this case, the proper

remedy is to seek removal of the Trustee, not to pursue an
appeal on South Edge's behalf.

*Id.* at *6. The South Edge court then granted the trustee's motion to dismiss the
appeal. The result should be similar here, and the Trustee's right to control the
pending appeal should be recognized.

**C.      By His Own Admission, The Debtor Is Insolvent And Cannot
          Be A "Party Aggrieved" With A Right To Appeal**

As discussed above, the bankruptcy court has already determined that Mr.
Marciano's assets are far smaller than his liabilities. This determination was based
upon the Debtor's own sworn filings with the bankruptcy court in the form of his
schedules, as well as the presence of a substantial claim in favor of the Internal
Revenue Service.

Simply put, the Debtor is what bankruptcy practitioners refer to as being "out
of the money." Only those persons who are directly and adversely affected
pecuniarily by an order of the bankruptcy court have standing to appeal that order. *In
re Fondiller*, 707 F. 2d 441, 442 (9th Cir. 1983). Importantly for these purposes, an
out-of-the-money equity holder cannot establish that it is a "person aggrieved" where
the order in question would have no impact on its deeply underwater claim. *See
Weston v. Mann (In re Weston)*, 18 F.3d 860, 863-864 (10th Cir. 1994) ("person
aggrieved" requires estate solvency such that excess may go to the party claiming
standing).

Given the magnitude of the debt when compared to the relative paucity of
assets here, the Debtor is plainly out of the money. Accordingly, the Debtor can
make no credible claim that he is affected pecuniarily or that this property will
diminish in value by virtue of the bankruptcy case. Still, the Debtor presses ahead

with litigation that no party can afford and over which a fiduciary has been appointed custodian. The Debtor's meddling should cease.

## IV.

## CONCLUSION

For all the foregoing reasons, the Trustee should be allowed to intervene in this appeal, assume the role of the appellant, and the Debtor should be denied standing to further participate.

Date: March 5, 2012                PACHUSKI STANG ZIEHL & JONES LLP

/s/ Jeremy V. Richards

Jeremy V. Richards (CA Bar No. 102300)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jrichards@pszjlaw.com

Attorneys For David K. Gottlieb,
Chapter 11 Trustee

9th Circuit Case Number: 11-60070

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CERTIFICATE OF SERVICE
When All Case Participants are Registered for the
Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for
the United States Court of Appeals for the Ninth Circuit by using the appellate
CM/ECF system on: March 5, 2012.

I certify that all participants in the case are registered CM/ECF users and that service
will be accomplished by the appellate CM/ECF system.

| | |
|---|---|
| Bradley E. Brook, Esq.<br>Law Offices of Bradley E. Brook<br>11500 W. Olympic Blvd., Suite 400<br>Los Angeles, CA 90064<br>Tel.: (310) 839-2004<br>Fax: (310) 945-0022<br>E-mail: bbrook@bbrooklaw.com | Sandford L, Frey<br>Richard C. Macias<br>Creim Macias Koenig & Frey LLP<br>633 West Fifth Street, 51st Floor<br>Los Angeles, California 90071<br>(213) 614-1944 Telephone<br>(213) 614-1961 Facsimile<br>E-mail:    sfrey@cmkllp.com<br>             rmacias@cmkllp.com<br><br>Special Counsel for Appellant/Chapter<br>11 Debtor, GEORGES MARCIANO |
| Daniel J. McCarthy<br>Hill, Farrer & Burrill LLP<br>One California Plaza<br>300 South Grand Avenue, 37th Floor<br>Los Angeles, CA 90071<br>(213) 620-0460 [General]<br>(213) 624-4840 [Fax]<br>E-mail:    dmccarthy@hillfarrer.com<br><br>Attorneys for Appellant/Chapter 11<br>Debtor, GEORGES MARCIANO | |

Signature (use "/s/" format): /s/ Oliver M. Carpio