**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: GEORGES MARCIANO, Debtor. | No. 11-60070 BAP No. 11-1008 |
| GEORGES MARCIANO, Appellant, v. STEVEN CHAPNICK; et al., Appellees, DAVID K. GOTTLIEB, CHAPTER 11 TRUSTEE, Intervenor. | ORDER |

Before: GRABER and N.R. SMITH, Circuit Judges.

Chapter 11 Trustee's emergency motion requesting an order from the court that the Chapter 11 Trustee is the appellant in this action and that debtor Georges Marciano no longer has standing to prosecute this appeal is denied. Appellant Georges Marciano is the "person aggrieved" in this appeal. *See In re P. R. T. C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999) (appellant is aggrieved if "'directly and

SM/MOATT

26

**EXHIBIT 2**

adversely affected pecuniarily by an order of the bankruptcy court'; in other words, the order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights").

Chapter 11 Trustee's emergency motion for leave to intervene is granted. *See* Fed. R. Civ. P. 24(a), (b); *see also Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817-18 (9th Cir. 2001).

The court reminds the parties that the scope of this appeal is limited to review of the September 15, 2011 order of the bankruptcy appellate panel.

Chapter 11 Trustee's motion to take judicial notice in support of Chapter 11 Trustee's motion to intervene is denied.

Appellant's request for judicial notice in support of appellant's opposition to appellee's motion to extend time to file the answering brief is denied because these materials are beyond the scope of this appeal.

Appellees' motion to extend time to file the answering brief is granted in part. Appellees' answering brief and Chapter 11 Trustee's brief are now due March 28, 2012; appellant's optional reply brief is due 14 days after service of the last-served brief.

The provisions of Ninth Circuit Rule 31-2.2(a) shall not apply to this appeal.

The parties are reminded of the court's preference for joint briefing. *See* 9th Cir. R. 28-4.