JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09216 AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | September 25, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

I.    INTRODUCTION

Appellant-Debtor Georges Marciano appeals from an injunction issued by the bankruptcy court preventing him from personally participating in the appeals from two state court judgments against him.[1] The bankruptcy court entered the injunction because it concluded that the Trustee had the sole right to appeal the judgments. Because the bankruptcy court was correct in its reasoning, this Court AFFIRMS its decision.

II.    BACKGROUND

The parties are well aware of the factual background underlying this appeal. In brief, Marciano filed an action in state court and the defendants to that action filed cross-complaints. After protracted litigation, the state court sanctioned Marciano for discovery abuses by striking his complaint and his answers to the cross-complaints. The state court subsequently entered a multimillion dollar judgment in favor of the cross-complainants. Those parties then filed the instant involuntary petition for bankruptcy and a Trustee was appointed. The bankruptcy court concluded that the Trustee had the sole authority to

---

[1] Dkt. 10. The Court also DENIES Marciano's Request for Judicial Notice (and Motion to Augment the Record) (Dkt.25).

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09216 AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | September 25, 2012 |
|---|---|---|---|

| Title | In re MARCIANO |
|---|---|

appeal from the initial state court judgment and thus, at the Trustee's request, it entered a permanent injunction precluding Marciano from interfering in that appeal.[2]

III.   STANDARD OF REVIEW

The Court reviews the bankruptcy court's issuance of a permanent injunction for abuse of discretion. *In re Reynoso*, 315 B.R. 544, 549-550 (9th Cir. BAP 2004). Under an abuse of discretion standard, the district court may reverse a decision of a bankruptcy court only if it is "based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision." *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 351 (9th Cir. 1996) (citing *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1472 (9th Cir.1988)).

The Court reviews the bankruptcy court's findings of fact for clear error. *In re Palmdale Hills Property, LLC*, 457 B.R. 29, 40 (9th Cir. BAP 2011); *In re PW, LLC,* 391 B.R. 25, 32 (9th Cir. BAP 2008). For a finding to be clearly erroneous, it must be illogical, implausible, or without support in the record. *United States v. Hinkson,* 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc). A bankruptcy court's conclusions of law are reviewed *de novo*. *Reynoso*, 315 B.R. at 549.

IV.   ANALYSIS

The bankruptcy court did not abuse its discretion by entering the permanent injunction precluding Marciano from participating in the state court appeals. Upon commencement of a bankruptcy case "all legal and equitable interests of the debtor in property" become part of the bankruptcy estate. 11 U.S.C. § 541(a)(1). Property is defined by state law, *Bunter v. United States*, 440 U.S. 48, 55 (1979), and the California definition includes any "right[] created or granted by statute." Cal. Civ. Code § 655. Under California law, the right to appeal an adverse judgment is a right created by statute. *See Cobb v. Univ. of So. Cal.*, 38 Cal. Rptr. 2d 543, 544 (Cal. Ct. App. 1995).

---

[2] The Court is aware that the California Court of Appeal has issued a decision in one of the appeals that is the subject of the injunction. The Trustee contends that that decision renders this appeal partially moot, while Marciano disagrees. Because neither party has provided any detail or support for their position, and in light of the Court's disposition of this appeal, the Court will not address this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09216 AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | September 25, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

    *In re Mozer*, 302 B.R. 892 (C.D. Cal. 2003), is directly on point. In *Mozer,* an attorney and her law firm sought damages against her former partners. The attorney's claim was not successful and the former partners filed a cross-complaint and won a sizeable judgment against her. The attorney filed for bankruptcy, and after a trustee was appointed, the bankruptcy court authorized the sale of the attorney's right to appeal from the adverse judgment to her former partners, effectively settling the underlying case. *Id.* at 895. The district court concluded that the sale was proper because, under the above-cited legal framework, the right to appeal from an adverse judgment qualifies as property of the bankruptcy estate. *Id.* at 895-96. The Court finds *Mozer* persuasive and agrees with its reasoning. *See also Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 232 (3rd Cir. 2001) (granting substitution of bankruptcy trustee for appellant-debtors because "[t]he right to appeal is part of the debtors' estates").

    In his reply brief, Marciano identifies one case that explicitly disagrees with *Mozer*'s conclusion. *In re Morales*, 403 B.R. 629, 633-34 (Bankr. N.D. Iowa 2009). That case applied Iowa law in determining the property status of a right to appeal. Moreover, in the Court's view, *Morales* does not effectively rebut *Mozer*'s sound reasoning. To justify its holding that defensive appellate rights cannot be transferred to the estate, the *Morales* court posited that such a transfer "would effectively destroy" the debtor's personal right to object to a creditor's claim. *Id.* But as *Mozer* aptly demonstrates, the right to object to a creditor's claim in this case–i.e., the right to appeal a state court judgment–is a creation of state law, and under California law, that right is property that is part of the estate.

    Marciano further argues that his rights to appeal cannot be part of the estate because they implicate his personal constitutional rights to due process and freedom of speech. To be sure, the question of whether a Constitution-based cause of action might be too personal to be transferred to the estate appears to be a matter of dispute. *See Kaye v. City of Los Angeles*, 857 F.2d 1478, 1478 n.2 (9th Cir. 1988) (noting that this question has not been resolved in by the Ninth Circuit). But even assuming that a bankrupt's constitutional claim cannot be part of the bankruptcy estate, that issue is simply not implicated here. Marciano did not possess freestanding constitutional claims; instead, in attempting to reverse an adverse money judgment, he asserted that the judgment was obtained without proper regard for his constitutional rights. As the Trustee notes, the appeals are an effort to reverse a money judgment–in other words, they are an attempt to

JS-6; O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09216 AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | September 25, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

reduce or eliminate a debt. As such, Marciano's claim that the Trustee has "usurped" his constitutional rights is a gross exaggeration. The fact that the appeal rights might have had some constitutional undertones or implications simply does not present any impediment to their transfer to the estate.[3]

Because the appeal rights are properly part of the bankruptcy estate, it follows that the Trustee has the sole authority to prosecute the appeals. *See Turner v. Cook*, 362 F.3d 1219, 1226 & n.10 (9th Cir. 2004) (bankruptcy trustee has sole authority to pursue claims on behalf of the estate).

The Court also rejects Marciano's arguments that the injunction violated his rights to petition the government for redress of grievances, due process, and access to the courts; the *Rooker-Feldman* and *Younger* abstention doctrines; and the bankruptcy court's authority as an Article I court. Accordingly, the Court finds no legal error nor any abuse of discretion in the bankruptcy court's entry of the injunction.

## V. CONCLUSION

For the reasons stated above, the decision of the bankruptcy court entering a permanent injunction is AFFIRMED.

| | : | |
|---|---|---|
| | Initials of Preparer | SMO |

cc: Bankruptcy Court

JS - 6

---

[3] In fact, the appellant-debtor in *Mozer* also levied constitutional arguments and there is no suggestion that they presented any impediment to sale of the appeal rights.